IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 4:22CR162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |
| GINA ELLINGSEN (6) | § | |

**DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM* FOR PRETRIAL PRODUCTION OF DOCUMENTS TO "U.S. BANK"**

In our recent unopposed motion for continuance (Doc. 145), Defendants explained that many relevant documents are in the hands of third parties, including a company called U.S. Bank/Elevan, and that we would require a "Rule 17c" subpoena for those documents. On July 17, 2023, the defense served such a subpoena on U.S. Bank. See Exhibit 1 attached hereto.[1] On August 8, 2023, U.S. Bank responded that it would not produce any documents without a Court order. Thus, the defendants now move for the issuance of a subpoena to U.S. Bank, returnable to undersigned counsel in advance of trial.

---

[1] We have filed Exhibit 1 under seal because it contains materials subject to the Protective Order.

The defense did not seek a Court order for the subpoena, because we understood one was not needed, following the practice of the government in issuing at least one subpoena since indictment.

## 1. Background of the Case

The defendants owned and/or worked at a company called "ETS" that provided credit card services to merchants. In 2018, ETS was sold to U.S. Bank, which had a division in the same business. This indictment alleges that the defendants conspired to overcharge some 7,000 customers on debit card transaction fees from 2012-2019. The indictment also alleges that the defendants "concealed" the overcharges from U.S. Bank, allowing the defendants who owned ETS to sell the company at an "inflated" value.

## 2. Why the Documents are Relevant and Necessary

The requested documents are necessary for the defense and not available from the government's discovery or otherwise, for at least two main reasons.

First, many of the documents were documents *of ETS and defendants* at the time of the charged events. That is, the indictment alleges fraud in the operation of ETS from 2012 before the sale to U.S. Bank and continuing until 2019 (after the sale, when the defendants worked briefly at U.S. Bank). As a result of the sale, however, *U.S. Bank took possession of ETS' documents* – including key documents that are necessary and relevant to the defense. As we explained in the subpoena itself: "[T]the defendants are on trial for how they ran ETS, without access to ETS' business records. [T]hose records contain exculpatory information – including exculpatory communications between ETS and its customers …" before the sale. Without this subpoena, the defendants will be put on trial for their ETS transactions without access to the very records that exculpate them.

Second, the indictment alleges that U.S. Bank was a "victim" of ETS, because it bought ETS without knowledge of its alleged fraudulent practices. The subpoena seeks

categories of documents to debunk this claim. For example, before the purchase, U.S. Bank was a large and sophisticated player in the credit card processing market (much larger than ETS), and it also performed services for ETS in the years leading up to the purchase. It even was a party to agreements between ETS and its merchant clients and had the right to audit ETS' business. In addition, U.S. Bank conducted due diligence before completing the purchase and had access to a "data room" of ETS' pricing and other data. Documents showing what U.S. Bank knew about ETS from its pre-purchase work or its due diligence bear on whether it was defrauded in the purchase.

U.S. Bank (Elavon) has sued defendants Vaughn and Akkad over the fraud alleged in the indictment (that litigation pending in the Superior Court of the State of Delaware and is currently stayed). U.S. Bank also made presentations to different DOJ offices – at least one of which declined prosecution -- to support and/or encourage criminal prosecution. A victim's relationship to the prosecution and the defense is admissible, relevant evidence at trial, which supports other requests in the subpoena.

### 3. **Legal standards**

Federal Rule of Criminal Procedure 17(c) specifically authorizes the issuance of subpoenas for the pretrial production of documents not obtainable through Federal Rule of Criminal Procedure 16. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951). This procedure helps to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Id.* at 220 (citation omitted).

Some courts cite *United States v. Nixon*, 418 U.S. 683 (1974) as the standard for issuing subpoenas: "[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary[2] and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699-700. "Against this background, the [movant], in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

*Nixon* involved a situation entirely different from this one. Nevertheless, our requests satisfy even the *Nixon* test. To satisfy the relevance requirement, the movant must show a "sufficient likelihood" that the evidence is "relevant to the offenses charged in the indictment." *Id.* (citation omitted). With regard to the admissibility requirement, the movant must make "a sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged in the indictment." *Id.* And, to meet the specificity requirement, "the subpoena must refer to specific documents or, at least, to specific kinds of documents." *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994) (citations omitted).

[2] "That is not to say that the materials thus subpoenaed must actually be used in evidence. It is only required that a good-faith effort be made to obtain evidence." *Bowman Dairy Co.*, 341 U.S. at 219-20.

### 4. U.S. Bank's Objection

U.S. Bank objects that we are seeking "personal or confidential information" about merchant victims, which requires a court order and notice to all 7,000 merchant clients so they may object. See Fed. R. Crim. P. 17c(3). As set out below, we do not believe we are requesting "personal or confidential" information, such as medical or school records. Moreover, the Rule does not require notice even for "personal or confidential" information in "exceptional circumstances," such as when requiring notice would delay proceedings or prejudice the defense.

As an initial matter, we are not requesting "personal or confidential" information within the meaning of Rule 17c(3). That provision in Rule 17 was added in 2008, and its Advisory Committee Note explains: "The phrase 'personal or confidential information,' which may include such things as *medical or school records*, is left to case development." (emphasis added). The Note also comments that the phrase arose from the CVRA – "which states that victims have a right to respect for their 'dignity and privacy.'" Thus, a victim who receives notice may object to "unreasonable" or "oppressive" requests for his information.

Not surprisingly, many cases applying the Rule deal with subpoenas seeking a victim's medical records from third party providers. *See, e.g.*, *United States v. Lussier*, No. 21-CR-145 (PAM/LIB), 2022 WL 17476661, at *9 (D. Minn. Oct. 11, 2022), report and recommendation adopted, No. CR 21-145 (PAM/LIB), 2022 WL 17466284 (D. Minn. Dec. 6, 2022) (defendant charged with sex crime sought medical records of alleged victim; court

denied motion for subpoena of such records without first providing notice to victim); *United States v. Meintzschel*, 538 F. Supp. 3d 571, 580 (E.D.N.C. 2021) (defendant charged with sex crime sought mental health records of alleged victim, including therapist notes and treatment, and the victim's iPad tablet for communications immediately following the incident; court denied motion for to subpoena some inadmissible records and granted subpoena for victim's iPad, with a confidentiality order); *United States v. Ray*, 337 F.R.D. 561, 575 (S.D.N.Y. 2020) (defendant charged with sex trafficking sought medical records of alleged victims; court quashed subpoenas for personal or confidential information—i.e., medical records—if notice had not been provided; court ruled government has no standing to quash subpoenas on victims' behalf); *United States v. Levine*, No. 17-CR-55V(SR), 2019 WL 2097912, at *1 (W.D.N.Y. May 14, 2019) (defendant charged with conspiracy to distribute fentanyl sought medical records of alleged deceased victim; court ruled that HIPAA-protected medical records are personal or confidential information); *United States v. Hoey*, No. S3 11-CR-337 (PKC), 2014 WL 12911265, at *1 (S.D.N.Y. June 27, 2014) (deceased alleged victim's estate was entitled to notice of subpoena from defendant for autopsy records because the records were personal or confidential information). Cases also apply Rule 17c(3) to school records. *See, e.g., United States v. Jones*, No. 218CR00411KJDCWH, 2019 WL 1995325, at *1 (D. Nev. May 6, 2019) (defendant sought school records of alleged victims; court ruled that school records are personal or confidential information as contemplated by the Advisory Committee Note; court quashed subpoenas because a court order was not sought and notice was not provided to victims); *United States v. Begay*, No. CR 14-0747 JB, 2018 WL 401265, at *1 (D.N.M. Jan. 12,

2018) (defendant charged with sex crime sought school record of alleged victim; court ruled that school records are personal or confidential information entitling victim to notice).

Moreover, even when a subpoena requests "personal or confidential" information of third party victims, notice may not be appropriate in "exceptional circumstances." The Advisory Committee Note explains: "Such exceptional circumstances would include, evidence that might be lost or destroyed if the subpoena were delayed or a situation where the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy. The Committee leaves to the judgment of the court a determination as to whether the judge will permit the question whether such exceptional circumstances exist to be decided *ex parte* and authorize service of the third-party subpoena without notice to anyone."

Finally, even if some of the requested information is business "confidential," the documents we receive will be subject to the strict Protective Order already in place, and the documents are necessary for the defense to exercise its rights to a fair trial and assistance of counsel under the Fifth and Sixth Amendments to the Constitution.

**5. <u>Ex Parte Filing</u>**

We believe that this motion, and the subpoena on its face, show that the documents are relevant and necessary and that notice to 7,000 alleged merchant victims is not required. If necessary as further support, however, the defense can file an *Ex Parte* Sealed Statement describing each category of requested documents in more detail and the defense strategy

behind each request. That Statement would be filed ex parte in order to avoid revealing defense strategy to the prosecution in advance of trial.

### 6. Conclusion

The requests are sufficiently specific (indeed, they are as specific as the defense can make them at this time) because they refer to specific documents, or specific kinds of documents, and will enable US Bank to intelligently assess whether any privilege precludes production of the documents.

Moreover, the evidence requested is (1) relevant, *see* Fed. R. Evid. 401, and relevant evidence is presumptively admissible, *see* Fed. R. Evid. 402; and (2) not subject to any apparent evidentiary objections. For example, to the extent that the requested evidence constitutes out-of-court statements potentially subject to hearsay objections,[3] the documents are nevertheless admissible because they fall into an exception to the rule against hearsay, such as business-records, *see* Fed. R. Evid. 803(6) & (7); or because the statements are not offered for their truth, *see* Fed. R. Evid. 801(b)(2); or because the statements are not hearsay under Fed. R. Evid. 801(c).

In sum, the requested materials are strongly relevant to the defense, and delaying production until the time of trial will deprive defendants of the time necessary to effectively review and use those materials and would delay the trial. Finally, this motion is made in good faith and is narrowly tailored to what defense counsel believe is necessary to the case,

[3] *Cf., e.g., Nixon*, 418 U.S. at 700-01 (noting that "most cogent" objection to out-of-court statements whose production was requested would be a hearsay objection).

based upon the discovery review and independent investigation that we have been able to conduct to date.

* * * *

For the foregoing reasons, the defense asks the Court to authorize the subpoena in Exhibit 1 requiring U.S. Bank to produce records to defense counsel by August 31, 2023 (extended from August 18, as originally requested).

Respectfully submitted,

*<u>/s/ David Gerger</u>*
David Gerger
TX Bar No. 07816360
**GERGER, HENNESSY & MARTIN**
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax
dgerger@ghmfirm.com

**COUNSEL FOR HADI AKKAD**

*<u>/s/ Marlo Cadeddu</u>*
MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
2911 Turtle Creek Blvd., Suite 300-390
Dallas, TX 75219
214.220.9000 (Phone and Fax)
mc@marlocadeddu.com

**COUNSEL FOR GINA ELLINGSEN**

*<u>/s/Joseph David Brown</u>*
Joseph David Brown
Joe Brown, Attorney
100 N. Travis St. Suite 205
Sherman, TX 75090
903-487-4700
Fax: 903-421-9440
joe@joebrown.law

**COUNSEL FOR DEFENDANT EDWARD WALSH VAUGHAN**

## CERTIFICATE OF SERVICE

This pleading was filed and distributed to all counsel of record through the Court's ECF system. We also emailed a copy to counsel for U.S. Bank.

*/s/ David Gerger*
David Gerger