IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 4:22CR162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |
| GINA ELLINGSEN (6) | § | |

**MOTION TO PROVIDE SUPPLEMENTAL AUTHORITY REGARDING U.S. BANK'S "SUR-REPLY' BEFORE OCTOBER 10 HEARING ON SUBPOENA TO U.S. BANK**

Defendants move to provide this supplemental authority in advance of the hearing on October 10 concerning their subpoena to U.S. Bank. U.S. Bank filed a sur-reply that, if accepted, would deny the defendants the ability to prepare their defense to the indictment.

## 1. *Nixon and Gas Pipe*

U.S. Bank, relying heavily on *Gas Pipe*, contends that the defendants have not met the factors set forth in *United States v. Nixon*, 418 U.S. 683, 700 (1974), however, the *Nixon* factors are more nuanced and practical than U.S. Bank would make them.

For example, documents sought must be "admissible" and "evidentiary." But *Nixon* made clear that the documents need only have "*potential* evidentiary

use," not *certain* use. *Nixon*, 418 U.S. at 702. Under Fed. R. Evid. 402, "relevant" evidence is generally "admissible." Moreover, courts recognize that:

> "[I]t is often difficult at the pretrial stage to determine with precision the admissibility of certain documents," so the requirement is "likely satisfied" when the documents are "arguably relevant."

*United States v. Zhang*, No. 10 Cr. 827, 2012 SL 195509, at *2 (N.D. Cal. Jan. 23, 2012). Thus, Rule 17 allows a defendant to obtain documents he believes to exist that would be relevant to, and therefore presumptively admissible in, his defense. There is not even a requirement that the materials "actually be used in evidence. It is only required that a good-faith effort be made *to obtain evidence*." *United States v. Rajaratnam*, 753 F. Supp. 2d 317, 321 n.1 (S.D.N.Y. 2011).

In addition, the subpoena must be reasonably "specific," and ours is. "Requiring the defendant to specify precisely the documents he wants without knowing what they are borders on rendering Rule 17 a nullity." *Rajaratnam*, 753 F. Supp. 2d at 321 n. 1. *See also United States v. W.R. Grace,* 434 F. Supp. 2d 869, 873 (D. Mont. 2006) (specificity is met "where the movant knows that the material sought exists and can identify it with specificity, even if he is ignorant of the exact content of the material.")

*United States v. Gas Pipe, Inc.*, No. 14 Cr. 298-M, 2018 WL 5262361, at *3 (N.D. Tex. June 18, 2018) (attached as Exhibit A) is on point. *Gas Pipe*'s

boilerplate is obviously right -- that a subpoena cannot be a "fishing expedition" or "blunderbuss" or "mere hope that something useful will turn up" or a substitute for Rule 16. But U.S. Bank's sur-reply omits the fact that *Gas Pipe* went on to mostly *grant* the disputed subpoena, for broad categories of documents, even when the defendants could not exactly know what they were. Notably, *Gas Pipe* granted a subpoena over the government's objection to the DEA for:

> *Any documents* regarding the process or protocols by which the DEA determines what chemical compounds are controlled substance analogues.
>
> *Any documents* reflecting *any* concern, doubt, or contrary or conflicting opinions by *anyone* within the DOJ or DEA regarding either the process of determining or the decision to determine that a chemical compound [alleged in this indictment] is a controlled substance analogue.
>
> *Any documents* reflecting a formal or informal change in *any* protocol or procedure of the DEA's Office of Diversion Control or any DEA analogue committee to request input from DEA's Office of Forensic Sciences regarding analogue determinations, or the weight given to or effect of a Forensic Sciences disagreement or declination to opine regarding a proposed analogue determination.

and other similar items.

**<u>2. The Requested Documents and Early Production are Necessary for Trial</u>**

Finally, the documents and early production must be "necessary" to prepare for trial. *Nixon*, 418 U.S. at 699. As an initial matter, defendants do not seek production of documents that are available within the discovery produced by the

government. Our briefing shows that the documents are necessary, and it would not be practical to receive them only at trial rather than before. Early production is necessary to assure the Constitutional right to Due Process and Effective Assistance of Counsel. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *Crane v. Kentucky*, 476 U.S. 683, 6909 (1986) (these Constitutional rights guarantee the "ability to respond to the [Government's] case").

In fact, the "chief innovation [of Rule 17(c)] was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials". *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962). A key purpose of Rule 17(c) is to "implement[] the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also United States v. Daniels*, 95 F. Supp. 2d 1160, 1162–63 (D. Kan. 2000); *United States v. Tomison*, 969 F. Supp. 587, 589–95 (E.D. Cal. 1997). *Nixon* itself noted: "[T]he constitutional need for production of relevant evidence in a criminal proceeding is … central to the fair adjudication of [criminal cases].". 418 U.S. at 712-13. And where a third party's relevant evidence is too voluminous to review on the fly at trial, then "pre-trial production through Rule 17(c) is necessary to preserve the defendant's constitutional right to obtain and effectively

use such evidence at trial." *Tomison*, 969 F. Supp. at 593. *See also United States v. Weigand*, 520 F.Supp. 3d 609 (S.D.N.Y. 2021) (Rakoff, J.) (subpoena should be granted if it "(1) [can be] reasonably construed as 'material to the defense'" – which means "relevant" -- and (2) is not unduly oppressive."[1] 520 F. Supp. 3d at 612, 615.

### <u>3. *Ex Parte* Submission of Defense Strategy is Warranted Here</u>

U.S. Bank also complains that the defendants filed an *ex parte* pleading in support of their motion for subpoenas and seeks access to that pleading. While Rule 17(c) does not expressly authorize *ex parte* applications, "common sense dictates that where a defendant cannot make the required showing of relevancy, admissibility, and specificity without revealing trial strategy and other protected work product, he must be permitted to make the request *ex parte*" *United States v. Colburn*, 2020 U.S. Dist. LEXIS 209113 *7-8, 2020 WL 6566508 (D. Mass 2020); *see also United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997) (holding that if Rule 17(c) motion could never be made *ex parte*, defendant might be forced to reveal trial strategy, witnesses' identities or attorneys' work-product to

[1] The subpoena is not unduly oppressive. We believe that much if not all of what we have subpoenaed exists in electronic form at U.S. Bank and is easily identifiable for production, such as the "E-Money customer portal" (item 1); or "MAMI Internal Database" (item 3); or specific contracts or audit reports (item 5, 6, and 9); or specific correspondence (item 7a). Other documents seem to coincide with what U.S. Bank must have already determined in order to present itself as a victim to the government, such as communications with merchants (item 2) or U.S. Bank's due diligence in acquiring ETS (item 4).

obtain pretrial subpoena, impinging on Sixth Amendment's right to compulsory process)

Defendants filed the pleading *ex parte* because it reveals defense strategy. U.S. Bank identifies itself as a putative victim of the defendants and has cooperated with the government in its prosecution of the defendants. It is anticipated that U.S. Bank employees or agents will testify on the government's behalf at trial. Revealing defense strategy to an entity that is essentially a party-opponent whose employees or agents are likely to be adverse witnesses would be a violation of the defendants' constitutional rights.

In summary, the Court has broad discretion to order early production of documents that are necessary for the defense. For all the reasons discussed above and in the defendants' other pleadings filed in support of this request, we respectfully request that it do so.

Respectfully submitted,

*/s/ David Gerger*
David Gerger
TX Bar No. 07816360
**GERGER, HENNESSY & MARTIN**
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax
dgerger@ghmfirm.com

**COUNSEL FOR HADI AKKAD**

*/s/ Marlo Cadeddu*
MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
2911 Turtle Creek Blvd., Suite 300-390
Dallas, TX 75219
214.220.9000 (Phone and Fax)
mc@marlocadeddu.com

**COUNSEL FOR GINA ELLINGSEN**

*/s/ Joseph David Brown*
Joseph David Brown
Joe Brown, Attorney
100 N. Travis St. Suite 205
Sherman, TX 75090
903-487-4700
Fax: 903-421-9440
joe@joebrown.law

**COUNSEL FOR DEFENDANT EDWARD WALSH VAUGHAN**

## Certificate of Conference

Counsel for U.S. Bank opposes Defendants' subpoena for the reasons stated in their objections and reply previously filed.

## CERTIFICATE OF SERVICE

This pleading was filed and distributed to all counsel of record through the Court's ECF system on the 5th day of October, 2023.

*/s/ Joseph Brown*
Joseph Brown