## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> EDWARD WALSH VAUGHAN, <br> Defendant. | Case No. 4:22-cr-00162-ALM-KPJ |

### EDWARD VAUGHAN'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Edward Vaughan, through undersigned counsel, respectfully moves for a modification of his conditions of release to remove the explicit requirement that Mr. Vaughan's location monitoring by carried out via a "location monitoring bracelet." Both Pretrial Services and the Government have been consulted. Pretrial Services take no position on the relief sought herein. The Government stated it takes no "position on the technology the supervising district chooses to implement [location] monitoring."

Throughout this case, Mr. Vaughan has demonstrated his willingness to participate in, and his compliance with, the legal process. After Mr. Vaughan satisfied all initial conditions of his pretrial release, he was ordered released by Magistrate Judge Eick of the Central District of California. The government appealed that decision to this Court, and Mr. Vaughan then satisfied an additional condition of release by "providing an accounting *in camera* of where all monies from the account reflecting the sale of the business ha[ve] gone," *see* Dkt. No. 57, Case No. 22-cr-162-ALM-KPJ (E.D. Tex. Aug. 11, 2022). Magistrate Judge Eick then issued an order setting forth "all conditions" of Mr. Vaughan's release. These conditions include, among other restrictions, (1) a $10,000,000 bond with a fully justified affidavit of surety signed by Mr. Vaughan's wife, Lisa Vaughan, and full deeding of the property located at 28820 Grayfox Street, Malibu, CA 90265;

1

(2) surrender of all passports and travel documents, and a restriction on applying for a passport or travel document during the pendency of the case; (3) Mr. Vaughan's travel is restricted to the Central District of California, Eastern District of Texas, Eastern District of Virginia, and District of Columbia, (4) a restriction on all contact, directly or indirectly (including by any electronic means), with any person who is known victim or witness in the subject investigation or prosecution, including all former employees of ETS, except for his wife, Lisa Vaughan, and in the presence of counsel; and (5) submission to a "location monitoring program, *including location monitoring bracelet*." *See* Dkt. No. 24, Case No. 22-mj-2813-DUTY (C.D. Cal. Aug 12, 2022).

In the more than fifteen months since these conditions were imposed, Mr. Vaughan has a perfect record of compliance. He will continue to abide by all conditions of his release until he is cleared of the charges against him. Mr. Vaughan looks forward to proving he is innocent of these charges at trial.

Mr. Vaughan now requests that the Court modify one condition of his release: Mr. Vaughan requests the removal of the explicit requirement his location monitoring be accomplished via a "location monitoring bracelet." To be clear, in making this request Mr. Vaughan is not now asking to be removed from all types of location monitoring. Pretrial Services in the Eastern District of Virginia, where Mr. Vaughan currently lives and spends the majority of his time, has informed counsel that an alternative location monitoring program, SmartLink, is available. SmartLink would use Mr. Vaughan's cell phone to monitor his location. Mr. Vaughan recognizes the vital importance of his assured attendance at trial and, although he believes unnecessary given his commitment to clearing his name, he is happy to continue submitting to this alternative location monitoring program. This limited modification will not create any risk of flight, nor any danger to the community, and therefore Mr. Vaughan respectfully requests that the Court remove his location monitoring bracelet because it prevents him from engaging in activities with his family,

causes him pain, and does not function as intended.

## I.    ARGUMENT

A person released pending trial should be released "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *United States v. Stuart*, 784 F. App'x 186, at *188 (5th Cir. Aug. 6, 2019).  The statute "mandates" such release "under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).  In imposing these conditions, 18 U.S.C. § 3142(g) requires the court to take into account the available information concerning "(1) the nature and circumstances of the offense charged"[1]; "(2) the weight of the evidence against the person[2]; (3) the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  *United States v. Green*, 793 F. App'x 223, at *225 (5th Cir. Oct. 22, 2019).

---

[1] This factor cannot support continued location monitoring via an ankle bracelet, as there is nothing about the crimes that have been charged that suggest location monitoring generally is required to ensure Mr. Vaughan's appearance.  The crimes charged are not crimes of violence and do not involve a firearm.  Notably, Mr. Vaughan is the only Defendant to be subjected to any form of location monitoring as a condition of release.

[2] Mr. Vaughan vigorously disputes the charges against him, and believes he will mount a strong defense to demonstrate his innocence.  *See, e.g.*, *Ex Parte* Statement; Dkt. No. 159 (Notice of *Ex Parte* Statement).   Nonetheless, this factor is considered "to be of least importance." *United States v. Karimov*, 2022 WL 1667037, at *3 (E.D. Tex. May, 24 2022); (citing *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009), *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986), and *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D. La. 1997)).

After ordering release "a judicial officer may at any time amend the order to impose additional or different conditions of release." *Id.* at § 3142(c)(3); *see also United States v. Goldstein*, 2016 WL 11717712, at *3 (N.D. Ga. Mar. 18, 2016) (modifying conditions of release of a defendant charged with financial fraud to include "some form of electronic monitoring as originally ordered" but not "limited to the GPS location monitoring currently ordered").

### A.     These Limited Modifications to the Conditions of Release Will Not Pose Any Risk of Flight.

The release conditions already imposed by the Court more than reasonably assure Mr. Vaughan's appearance in court.

***First***, there is no meaningful risk that Mr. Vaughan will fail to appear at trial.  Mr. Vaughan is sixty-year old, a lifelong U.S. citizen and Army veteran, and has never been convicted of a crime.  He is a U.S. citizen with no significant foreign ties, and he is a devoted father to his three children, all of whom live in the United States.  There is no sound basis on which to conclude that Mr. Vaughan will suddenly cast aside a life-long commitment to his country and his family to flee from charges which he maintains he is innocent of.[3]  More importantly, there is no sound basis on which to conclude that the ***only*** thing keeping him from doing so is ankle-bracelet location monitoring as opposed to the alternative means of location monitoring proposed here.

In fact, when Mr. Vaughan learned of the federal investigation relating to the legacy ETS business in January 2019, Mr. Vaughan neither fled the jurisdiction nor interfered with the investigation; instead, he personally called the FBI agents and offered to meet with them to discuss the matter.  In the almost five years since then, Mr. Vaughan has divided his time between his original home in Virginia and a newer one California, where he spends part of the year in order to

---

[3] Magistrate Judge Eick, at Mr. Vaughan's initial detention hearing, agreed: "His family ties are in this country," "all of the Defendant's business ties are in this country," and "both categories of ties are deeply rooted."  *See* Dkt. No. 28-1 at 51.

be close to his college aged son from his first marriage.  He has lived with his wife for more than a decade, and they share two young children who both live at home with Mr. Vaughan and his wife.  He now resides exclusively in Virginia.  Pursuant to a *lis pendens* filed by the government, his property in both states is now at stake in this proceeding.

Although Mr. Vaughan has occasionally traveled internationally, he has no close ties to any foreign country, and his closest family members live in California and Virginia.  The government has seized Mr. Vaughan's passport and his private planes, the very means by which he could flee the jurisdiction.  He is not a flight risk.

***Second,*** to the extent the above does not all but guarantee Mr. Vaughan's continued appearance at his proceedings and the community's safety, [4] Mr. Vaughan's continued location monitoring through alternative means eliminates any risk of flight or compromise of the community's safety.  Given Mr. Vaughan has diligently complied with the conditions of release for the more than fifteen months they have been imposed, and that he has almost no incentive to flee, SmartLink location monitoring is more than adequate to "reasonably assure" his appearance at trial.

Mr. Vaughan will continue to adhere to all other release conditions.  He will not travel, other than to the areas allowed by his conditions of release.  He will avoid all contact, directly or indirectly, with any person he is restricted from contacting by his conditions of release.  He will not possess any firearms, ammunition, destructive devices, or other dangerous weapons.  He will not use or possess any identification other than in his own legal name or true name.  Should Pretrial

---

[4] There is no serious allegation in this case that Mr. Vaughan is a danger to the community.  As Magistrate Judge Eick stated, "with regard to dangerousness, the Government's arguments for dangerousness are weaker than the arguments for flight risk," "the standard requires clear and convincing evidence. That standard has not been met," and that "the Court is having a difficult time seeing that this is even a close case on bail or detention given the evidence that's before the Court." *See* Dkt. No. 28-1 at 51, 60.

Services recommend additional, reasonable conditions it believes are necessary to ensure Mr. Vaughan's compliance with his conditions of release, Mr. Vaughan is willing to abide by those conditions as well.

**B.      Mr. Vaughan's Requests Are Reasonable and Narrowly Tailored.**

Mr. Vaughan requests this modification to his conditions of release because his ankle bracelet causes his daily pain, and interferes with his ability to participate in family activities.  Mr. Vaughan's request is narrowly tailored because it leaves all other Court-ordered conditions of release in place other than the one condition which causes a unique disruption to Mr. Vaughan's daily life and is not necessary to "reasonably assure" Mr. Vaughan's appearance at trial, given the alternative technology available to continue to monitor his location.

*First*, Mr. Vaughan's ankle monitor causes him daily pain.  The monitor causes swelling and bruising.  Mr. Vaughan is sixty and when he works his ankle swells enough to make the monitor very unpleasant.  The ankle monitor is uncomfortable to wear and prevents Mr. Vaughan from being able to sleep through the night.  Mr. Vaughan's monitor cannot get wet, and therefore Mr. Vaughan cannot take showers without great effort to keep his ankle monitor dry.

*Second*, prior to his arrest and release from custody, Mr. Vaughan engaged in many activities with his family, such as walking, running, biking and other general exercise activities, all of which are no longer possible given his ankle monitor.  Additionally, Mr. Vaughan actively engages in the day-to-day upkeep of his farm, including by operating heavy equipment and machinery.  Given his ankle monitor sits low on his leg, he cannot wear the safety boots required to properly operate such machinery.  Similarly, Mr. Vaughan cannot wear snow boots in order to shovel, remove snow, or do any of the general upkeep activities that require boots.

*Third*, Mr. Vaughan's ankle monitor is an older model and no longer holds a battery.  If the battery drops below a certain level, the bracelet sounds an alarm, often without warning, in a

6

public place, causing unnecessary embarrassment.

## II.      CONCLUSION

Under these conditions, and upon consideration of Mr. Vaughan's ties to the community and post-indictment efforts to demonstrate his commitment and responsiveness to this legal process, and of his post-indictment adherence to all conditions of release, Mr. Vaughan respectfully requests the Court grant this limited modification to his conditions of release.

Dated: January 5, 2024                          Respectfully submitted,

_/s/ Joseph Brown_
JOSEPH D. BROWN
Attorney for Defendant Edward W. Vaughan
Texas Bar No. 00793413
Joe Brown, Attorney
100 N. Travis, Suite 205
Sherman, TX 75090
Phone: (903) 487-4700
Fax: (903) 421-9440
Email: joe@joebrown.law

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on this 5th day of January 2024, to all counsel of record via this Court's Electronic Document Filing System.

_/s/ Joseph Brown_
Joseph D. Brown
Attorney for Defendant

### Certificate of Conference

Counsel for the Defendant has conferred with AUSA Anand Varadarajan on the relief requested in this Motion.  The Government's position is that while it opposes the removal of location monitoring and restrictions, it takes no position on the technology the supervising district chooses to implement for such monitoring.   Counsel for Defendant has conferred with Pre-Trial

Services.   Pretrial Services takes no position on the relief requested but has indicated that SmartLink monitoring technology is available and is used in the Eastern District of Virginia, which is providing supervision of Defendant.

_/s/ Joseph Brown_
JOSEPH D. BROWN