IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22CR162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |

### UNITED STATES' RESPONSE TO DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Per the Court's Order (Dkt. No. 189), the Government files this response to defendant Vaughan's unopposed motion to modify conditions of release (Dkt. No. 188). At the outset, the Government notes that the defendant and the Government agree that the defendant will continue to submit to location monitoring. At issue before the Court is how that monitoring (*i.e.*, the technology) will be implemented.

The defendant proposes "SmartLink" technology, which purportedly tracks location via the defendant's cell phone, as opposed to an ankle bracelet. While this monitoring technology is sometimes used in other districts and may be something that supervising offices nationwide are contemplating, its use is hardly routine. The Eastern District of Texas does not use this technology, and the Government is currently unaware of other defendants, indicted in the Eastern District, who are supervised out-of-district using this technology. In reviewing the defendant's request, the Government reached out to this district's probation office and spoke with supervising officers regarding this technology. Based on these conversations, it appeared that the probation office here is likewise unfamiliar with the technology and the specifics of its implementation. Indeed,

based on these conversations and the defendant's motion, it still remains unclear how this technology would allow the supervising officer to "check in," how potential violations would be reported, and how the supervising officer would handle a situation where the defendant abandons his phone. As this request comes from the defendant, the burden of demonstrating and explaining those logistics rests with him.

In conferring with defense counsel, the Government did not take a position on the appropriate technology, and the Government continues to defer to the Court on the best technological method to monitor the defendant's whereabouts. Ideally, the supervising office can refit the defendant with a better, newer, more comfortable ankle monitor with a longer lasting battery, as that seems to be the true source of concern. The Government understands that location monitoring is inconvenient for the defendant. But it would submit that when the Court ordered him released on bond, the Court heard considerable evidence relating to potential flight risk, including: access to an aviation company and his own planes; bank accounts containing millions of dollars; and multiple residences on opposite sides of the country, including property with easy access to open waters. Those facts make this a unique case and a unique defendant—one whose location must continue to be monitored.

USA Response to Defendant's Unopposed Motion to Modify Conditions of Release
Page 2

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email: anand.varadarajan@usdoj.gov

G.R. JACKSON
Assistant United States Attorney
Texas State Bar No. 00784874
Email: glenn.roque-jackson@usdoj.gov

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this filing has been served defense counsel via electronic filing (CM/ECF) on January 19, 2024.

*/s/ Anand Varadarajan*
ANAND VARADARAJAN