# Exhibit A

# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL ACTION NO. 3:18-CR-0623-S |
| v. | § § | |
| RICHARD HALL (1) | § | |

### ORDER

This Order addresses Defendant's Motion to Exclude Guilty Pleas and Convictions of Testifying Cooperators ("Motion") [ECF No. 754]. Having considered the Motion, United States' Response in Opposition to Defendant Richard Hall's Motion to Exclude Guilty Pleas and Convictions of Testifying Cooperators ("Response") [ECF No. 772], Defendants' Joint Supplemental Pleading Regarding Exclusion of Guilty Pleas and Convictions of Testifying Cooperators [ECF No. 838], United States' Supplemental Brief Regarding the Admissibility of Guilty Pleas of Testifying Co-Conspirators ("Supplemental Brief") [ECF No. 882], Defendants' Joint Response to Government's Trial Brief Regarding Exclusion of Guilty Pleas [ECF No. 891], and the applicable law, the Court **DENIES** the Motion.

"A witness-accomplice's guilty plea may generally be admitted into evidence if it serves a legitimate purpose and a proper limiting instruction is given." *United States v. Mazkouri*, 945 F.3d 293, 301–02 (5th Cir. 2019). The Court finds that evidence of the guilty pleas and convictions of testifying co-conspirators in this case can serve the legitimate purposes of "clarifying the nature of the arrangement between the Government and the witness for purposes of determining credibility," "rebut[ting] the inference that the defendant was unfairly singled out for prosecution," helping the jury "evaluate the [testifying co-conspirator's] motives and credibility," and aiding the jury in assessing "the reasonableness of the witness's claim to firsthand knowledge based on his or her

admitted participation" in the charged crimes. Resp. 3-4 (quoting *Mazkouri*, 945 F.3d at 302, *United States v. Cohen*, 171 F.3d 796, 801 (3d Cir. 1999), *United States v. Universal Rehabilitation Services, Inc.*, 205 F.3d 657, 662 (3d Cir. 2000), and *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985)). If evidence of the guilty pleas or convictions of testifying co-conspirators is admitted, the Court will give a proper limiting instruction to the jury. However, the parties may not refer to such evidence during voir dire, opening statements or otherwise until it is admitted.

Accordingly, for the reasons set forth above and as articulated in the Government's Response and Supplemental Brief, the Court **DENIES** Defendant's Motion to Exclude Guilty Pleas and Convictions of Testifying Cooperators [ECF No. 754].

**SO ORDERED.**

SIGNED July 16, 2023.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**