IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>EDWARD WALSH VAUGHAN (1)<br>HADI AKKAD (2)<br>GINA ELLINGSEN (6) | Case No. 4:22-cr-00162-ALM-KPJ |

### DEFENDANT'S JOINT REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE GUILTY PLEAS AND CONVICTIONS OF GOVERNMENT WITNESSES

The government (Dkt. 203) proposes three purportedly legitimate reasons for introducing the guilty pleas of the cooperating codefendants: avoiding jury speculation that the defendants were singled out, helping the jury assess the cooperators' credibility, and supporting the credibility of the government's investigation. As discussed below, none of those purported reasons has much, if any, probative value. And the unfair prejudice from admitting evidence that the cooperators pled guilty to conspiring with the defendants on trial far outweighs any legitimate probative value that may exist.

### ARGUMENT

I.  THE LEGITIMATE PROBATIVE VALUE OF THE GUILTY PLEAS IS, AT MOST, MINIMAL.

We address in turn the three purportedly legitimate grounds on which the government seeks to offer the cooperators' guilty pleas.

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION IN LIMINE**                                          1

### A. Jury Speculation the Defendants Were Singled Out.

No defendant will argue or suggest that the defendants were singled out for prosecution. To do so would, of course, open the door to admission of the pleas. The government's concern is solely that, without the guilty pleas, the jury will *speculate* that the defendants were singled (or tripled) out. Dkt. 203 at 5.

Admitting the cooperating co-defendants' guilty pleas is unnecessary to address this concern. The Court can solve the problem the government identifies with this instruction from the Sixth Circuit: "[W]hether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved th[ese] defendant[s] guilty. Do not let the possible guilt of others influence your decision in any way." United States Court of Appeals for the Sixth Circuit, Pattern Criminal Jury Instructions, Instructions 2.01(3), 8.08(2) (2021). This instruction should foreclose the speculation the government fears.

Second, if the jury is inclined to ignore the Court's instruction not to consider the guilt of others, admitting the cooperators' pleas will not prevent jury speculation. The jury will hear about--and potentially hear *from*--many people involved in the charged conduct who have not been indicted. Whether the jury is told that three people have been charged (the defense position) or that six people have been charged (the government position), it may speculate (if it disregards the Court's instruction) that numerous others who participated in the alleged fraud have not been charged. The probative value of the cooperators' guilty pleas to rebut that speculation is minimal.

### B. Assessing the Cooperators' Credibility.

The government asserts that its cooperating witnesses' guilty pleas are relevant to their credibility. Dkt. 203 at 6. Of course, the fact that a witness has pled guilty to a felony *does* bear

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION IN LIMINE**                                                                     2

on his or her credibility--but in a negative way. Rule 609 of the Federal Rules of Evidence generally permits a witness to be impeached--that is, discredited--by evidence of a felony conviction. Fifth Circuit Pattern Instruction 1.16 admonishes the jury to view the testimony of an alleged accomplice who has entered into a plea agreement "with caution" and to weigh such testimony "with great care."

But this surely is not the effect on its witnesses' credibility--the "probative value" for purposes of Rule 403--that the prosecution seeks. The government will not elicit evidence of the cooperators' pleas out of an altruistic desire to have the jury disbelieve its witnesses. *Cf. United States v. Halbert*, 640 F.2d 1000, 1005 (9th Cir. 1981) (per curiam) (disclaiming "delusions about prosecutorial altruism"). Although a party may impeach its own witnesses, Fed. R. Evid. 607, we expect that, absent some unforeseen turn of events, the government will ask the jury to *believe* its cooperators, not to *disbelieve* them. So the government must be suggesting that a witness' guilty plea makes his or her testimony about the underlying events *more* credible, rather than *less* credible. This, of course, upends Fifth Circuit Pattern Instruction 1.16; the government appears to contend that the jury should view the testimony of an alleged accomplice witness who has pleaded guilty with *less* "caution" and "care" than that of other witnesses. That makes no sense.

As part of its credibility argument, the government asserts that "[g]uilty-plea evidence--as opposed to an incomplete and stilted narrative of the Witnesses' participation in the crime--will help the jury assess 'the reasonableness of the witness's claim to firsthand knowledge based on his or her admitted participation' in the charged crimes." Dkt. 203 at 6 (quoting *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985)). This theory has at least three problems. First, the guilty plea evidence does not make it more likely that the cooperators have "firsthand knowledge" of the matters they describe. As Judge Roth of the Third Circuit observed in dissent:

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION IN LIMINE** 3

> I am left wondering, however, how the introduction of a witness's guilty plea into evidence establishes the basis for his or her firsthand knowledge of the crime. Presumably, all that the introduction of the guilty plea establishes is that the witness pleaded guilty. It is the witness's testimony itself that establishes the basis for his or her firsthand knowledge of the crime--the witness has firsthand knowledge because s/he was present during or participated in the crime, not because s/he pleaded guilty to the crime.

*United States v. Universal Rehabilitation Services*, 205 F.3d 657, 672 (3d Cir. 2000) (en banc) (Roth, J., joined by Becker, C.J., and Sloviter, McKee, and Rendell, JJ., dissenting).

Second, the "incomplete and stilted narrative" the government complains about is called "testimony"--the usual question and answer format through which evidence is presented to the jury. Both sides are bound by the constraints of the trial format. The government cannot evade those constraints through the introduction of a codefendant's guilty plea, with the attendant prejudice to the defendant.

Third, in this case it is unlikely that the defense will dispute the cooperators' "claim to firsthand knowledge" as to matters embraced in the factual basis for their guilty pleas. If the defense were to make such a suggestion on cross-examination, the government could then ask the Court to bring out the plea on redirect, to the extent (if any) the plea would rebut the defense suggestion.

Perhaps there is some theory of human motivation under which a witness who has pled guilty under a plea agreement is more credible in testifying about the underlying events than a witness who has not pled guilty. But that is a highly speculative proposition at best. Any "probative value" of the guilty plea evidence is similarly speculative and, if it exists at all, minimal.

C. **Supporting the Credibility of the Government's Investigation.**

Finally, the government asserts that omitting the guilty plea evidence "would be disingenuous both to the facts and legal posture of the case" and thus somehow tarnish the

"credibility of the government's trial presentation and law enforcement's investigation." Dkt. 203 at 6. It is hard to know what this means. The one Fifth Circuit case the government cites on this point--*United States v. Black*, 685 F.2d 132 (5th Cir. 1982)--concerns the government's introduction of guilty pleas to draw the sting of anticipated defense impeachment based on those pleas.[1] Given the defense commitment not to engage in such impeachment without notifying the government before the end of the direct examination, that basis for admitting the guilty pleas does not exist here.

II.   **THE UNFAIR PREJUDICE FROM ADMISSION OF THE GUILTY PLEAS FAR OUTWEIGHS ANY LEGITIMATE PROBATIVE VALUE THEY MAY HAVE.**

The defense motion outlines the unfairly prejudicial inferences the jury is likely to draw from the guilty plea evidence. Dkt. 202 at 3-4. Not to worry, the government responds; a limiting instruction will eliminate any prejudice. Dkt. 203 at 7. But the cooperators pled to conspiring with the defendants to commit wire fraud--the offense charged in Count 1 of the indictment. Dkts. 125, 130, 135. Where, as here, a cooperator's guilty plea "necessarily implicates" the defendant, "[even] the strongest corrective instruction would be insufficient." *United States v. Baete*, 414 F.2d 782, 783-84 (5th Cir. 1969); *see also Universal Rehabilitation Services*, 205 F.3d at 669 (recognizing that cooperator's plea to conspiring with the defendant on trial presents "a unique situation which may require the courts to scrutinize more closely the purported remedial effect of

---

[1] In *Black*, the defense called two of the cooperators, and the government impeached them on cross-examination with their guilty pleas. The government called five other cooperators, and it "claimed that the sole purpose of this testimony was to disclose the nature of the plea agreements on direct examination so as to avoid having the issue first raised on cross-examination, leaving the jury with the impression that the government was not being fully candid." 685 F.2d at 135. In this case, the defense has committed not to impeach the cooperators with their guilty pleas without first warning the government during the direct, so there is no risk that the jury will be left with "the impression that the government was not being fully candid" about the pleas. *Id*.

instructions ") (quotation omitted).  The prejudice from three cooperating witnesses trooping into court and testifying that they pled guilty to conspiring with the defendants on trial cannot be overcome by even the most stringent and oft-repeated limiting instructions.[2]

## CONCLUSION

Because the unfair prejudice from the guilty plea evidence substantially outweighs its probative value, the Court should exclude that evidence under Rule 403.

Dated:  July 1, 2024.

Respectfully submitted,

*/s/ Joseph Brown*
JOSEPH D. BROWN
Texas Bar No. 00793413
Joe Brown, Attorney
100 N. Travis, Suite 205
Sherman, TX 75090
Phone: (903) 487-4700
Fax: (903) 421-9440
Email: joe@joebrown.law

*/s/ John D. Cline*
John D Cline
Law Office of John D Cline
600 Stewart Street
Suite 400
Seattle, WA 98101
Phone: (360) 320-6435
Email: cline@johndclinelaw.com

**COUNSEL FOR EDWARD WALSH VAUGHAN**

---

[2] For this reason, if the Court admits evidence of the cooperators' guilty pleas over our objection, it should at least bar the witnesses from testifying that they pled guilty to conspiring with Vaughan, Akkad, and Ellingsen.

*/s/ David Gerger*
David Gerger
dgerger@ghmfirm.com
TX Bar No. 07816360
Heather Peterson
hpeterson@ghmfirm.com
TX Bar No. 24007834
GERGER, HENNESSY
MARTIN & PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

**COUNSEL FOR HADI AKKAD**

*/s/ Marlo Cadeddu*
MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
2911 Turtle Creek Blvd., Suite 300-390
Dallas, TX 75219
214.220.9000 (Phone and Fax)
mc@marlocadeddu.com

**COUNSEL FOR GINA ELLINGSEN**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on this July 1, 2024, to all counsel of record via this Court's Electronic Document Filing System.

  */s/ Joseph Brown*
Joseph D. Brown
Attorney for Defendant Vaughan

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION IN LIMINE**   7