UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 4:22-CR-162 |
| | § |
| EDWARD WALSH VAUGHAN (1) | § |
| HADI AKKAD (2) | § |
| GINA ELLINGSEN (6) | § |

**UNITED STATES' SURREPLY IN OPPOSITION TO DEFENDANTS'
JOINT MOTION IN LIMINE TO EXCLUDE GUILTY PLEAS AND
CONVICTIONS OF GOVERNMENT WITNESSES**

The defendants' reply in support of their motion in limine adds nothing of substance. Instead of grappling with the law or presenting facts that distinguish this case from recent, on-point precedent cited by the government (*e.g.*, *United States v. Hall*, No. 18-cr-623 (N.D. Tex. – Scholer, J.)), the defendants quibble with the legitimate reasons specifically recognized by other courts. It is unpersuasive.

**A. The Law Supports the Admission of Guilty Pleas**

As the government outlined in its response, admission of guilty plea evidence is proper if it serves a legitimate purpose and the jury is properly instructed. *United States v. Marroquin*, 885 F.2d 1240, 1247 (5th Cir. 1989); *United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983) (citations omitted); *see United States v. Valuck*, 286 F.3d 221, 228 (5th Cir. 2002). Courts around the country have set forth examples of legitimate purposes, including clarifying the nature of the relationship between the witness and the government, addressing prosecutorial concealment, showing that defendants were not singled out for

prosecution, explaining a witness's firsthand knowledge of a crime, and mitigating impeachment on cross examination. *E.g.*, *United States v. Hall*, No. 18-cr-623 (N.D. Tex. –Scholer, J.) (Doc. 901). And as this Court knows, limiting instructions—such as Fifth Circuit Pattern Jury Instructions No. 1.16 (Criminal 2019)B.—are routinely issued when such evidence is admitted.

## B. The Legitimate Reasons Recognized in Other Cases Apply Here

The government's reasons for admitting guilty-plea evidence are not only legitimate, but they are recognized by other courts.

***First***, it is highly probative for the jury hear evidence that the Defendants were not singled out for prosecution. *E.g.*, *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 668 (3d Cir. 2000) (admitting guilty-plea evidence "to eliminate any concern that the defendant has been singled out for prosecution"). If the guilty-plea evidence is not admitted, the jury will be left with following impression: key government witnesses committed the same crime, testified openly about the crime, pointed the finger at the Defendants, and walked in and out of the courthouse unpunished. That would, of course, be dangerously misleading. The jury should not be left with the notion that these cooperators faced no consequences, were granted immunity, or were overlooked because the government unfairly targeted or singled out these Defendants.

Defendants further suggest that guilty-plea evidence should be excluded because there may be other employee-witnesses who were not charged. That is inapposite and actually cuts the other way. By addressing the "singling out narrative" by affirmatively

introducing guilty-plea evidence alongside acts of those who *were charged*, the jury will better understand why other company employees *were not charged*.  Thus, regardless of whether defense counsel argues that their clients were singled out, it is fair and proper for the government to affirmatively address the issue with guilty-plea evidence.

*Second*, the guilty-plea evidence should be admitted "for purposes of determining [witness] credibility."  *E.g.*, *United States v. Hall*, No. 18-cr-623 (N.D. Tex. –Scholer, J.) (Doc. 901); *United States v. Mazkouri*, 945 F.3d 293, 302 (5th Cir. 2019) ("Legitimate purposes include… clarifying the nature of the arrangement between the Government and the witness for purposes of determining credibility.").  Witness credibility and motives for testifying, especially that of co-conspirators, are always paramount considerations for juries and become especially so when the heart of the crime involves deceit and misrepresentations.  Receiving guilty-plea evidence will help answer burning questions on the jury's mind, such as: (1) Why is this witness testifying?  (2) What benefit may the witness be receiving from his or her testimony; and (3) Why believe a witness who, notwithstanding the guilty plea, has admitted under oath to repeated dishonesty and fraud?  The Defendants fail to address, in both their motion and reply, these core issues about witness credibility and motives.

And while the Defendants, at the moment, are committing to not raise the guilty-plea issue, they have ***not*** conceded that they will not attack the credibility of these witnesses or otherwise refrain from cross examination.  On the contrary, the government expects (and the defense does not deny) robust cross from the Defendants that will undoubtedly put at

issue the witnesses' credibility and motives for testifying. Thus, on that basis alone, the cooperators' guilty pleas become admissible for "blunting the potential effects of impeachment." *Mazkouri*, 945 F.3d at 302.

**Third**, the guilty-plea evidence will address the credibility of the government's investigation. The defense has already suggested—in filings with the Court, in hearings before the Magistrate Judge, and in conversations with the government—that it will challenge the integrity of the government's investigation of ETS and its employees. Accordingly, in the context of these kinds of attacks, the Fifth Circuit has recognized "the propriety of disclosing the nature of a plea agreement on direct examination, so as to ensure that the jury would not be left with the 'impression that the government was not being fully candid[.]'" *United States v. Valuck*, 286 F.3d 221, 228 (5th Cir. 2002) (quoting *United States v. Black*, 685 F.2d 132, 135 (5th Cir.1982)). Along these lines, it would be relevant for the jury to fully understand who became the focus of the investigation, what evidence was collected against these individuals, and why certain individuals were ultimately charged. And without the admission of guilty-plea evidence, the jury would be left wondering why certain testifying individuals, for whom the government obtained consensual recordings, emails, and documentary evidence, escaped prosecution. This harkens back to the "singling out narrative" that the government has a right to disprove.

**C. The Defendants' "Commitment" is Unfair and Has Been Expressly Rejected**

In their motion, the Defendants commit to not impeaching the cooperators on the basis of their guilty pleas and to inform the government before the end of direct if they

wish to do so.  Not only is the proposal patently unfair, but the Fifth Circuit has recognized that the Defendants' promise is effectively hollow when the witness's credibility is otherwise attacked.

As a threshold matter, the government has the burden of persuasion and production; being tethered to a "noncommittal commitment" where the defense can spring its intentions at the last second interferes with trial presentation and direct examinations of co-defendants and other witnesses.  This same "commitment" was rejected by both Judge Scholer in *Hall* and by the Fifth Circuit in *Mazkouri*.  In *Hall*, Judge Scholer admitted the guilty pleas of 8 testifying co-conspirators, despite counsel for Ellingsen raising the same proposal.  *United States v. Hall*, No. 18-cr-623 (N.D. Tex. – Scholer, J.) (Doc. 901).  That case, like this one, involved fraud, multiple co-defendant witnesses, and charges of conspiracy.  In *Mazkouri*, the admission of guilty-plea evidence (which the record shows was introduced on re-direct examination) was upheld by the Fifth Circuit, *despite* the defendant not probing the guilty-plea evidence on cross examination.  *United States v. Mazkouri*, 945 F.3d 293, 302 (5th Cir. 2019).  The Fifth Circuit's ruling highlights the emptiness of the defendants' proposal and suggests that guilty-plea evidence,  even when the defendant does not directly raise the issue on cross examination, can blunt the potential effects of impeachment.

In sum, the Defendants' arguments fall woefully short of the hurdle under Federal Rule of Evidence 403.  To be excluded, the probative value of guilty-plea evidence has to be **substantially** outweighed by the danger of **unfair** prejudice.  How can this be when courts around the country, including this one, regularly allow the admission of guilty-plea

evidence with appropriate pattern jury instructions? And why should this evidence be excluded absent compelling factual circumstances unique to this case? More importantly, why should this be excluded absent recent law from the Fifth Circuit or any circuit affirmatively calling for the exclusion of such evidence? The Defendants' failure to answer these questions, especially when their counsel has been on the frontlines of litigating this issue in other cases such as *Hall*, is telling.

## CONCLUSION

For these reasons, the Court should deny the Defendants' motion in limine.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email: anand.varadarajan@usdoj.gov

G.R. JACKSON
Assistant United States Attorney
Texas State Bar No. 00784874
Email: glenn.roque-jackson@usdoj.gov

HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
heather.rattan@usdoj.gov

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served by PACER/ECF to defense counsel on July 7, 2024.

/s/ *Anand Varadarajan*
ANAND VARADARAJN