# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br><br>EDWARD VAUGHAN (1)<br>HADI AKKAD (2) | Case No. 4:22-cr-00162-ALM-KPJ |

### FIRST MOTION FOR BILL OF PARTICULARS: WHAT "TRANSACTIONS" INVOLVING DOES THE GOVERNMENT CONTEND ARE PART OF A MONEY LAUNDERING CONSPIRACY (COUNT TWO)?

This indictment charges that the defendants conspired to commit fraud by overcharging their customers fees for processing credit card transactions from 2012 through 2019.  That is Count One.  Count Two then charges that defendants Vaughan and Akkad conspired to commit money laundering by engaging in "transactions" during that long period -- but does not identify what those transactions were.  Mr. Vaughan and Mr. Akkad move this Court to order the government to file a bill of particulars to identify what specific transactions by Vaughan, and which by Akkad, it contends were part of the conspiracy to launder money.

1. **Legal framework.**

Federal Rule of Criminal Procedure 7(f) empowers a court to "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citations omitted); *see also, e.g., United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979) (same). "If the particular requested is such that on its face its nondisclosure until trial would result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation, then the request must be granted." *Thevis*, 474 F. Supp. at 123 (citations omitted). Where these conditions are satisfied, then a bill of particulars should be granted even if "it calls for an evidentiary response or a legal theory of the government . . . ." *Id.* (citation omitted). "[I]n resolving the areas of doubt when the competing interests [of the defendant and of the government] are closely balanced, the interests of the defendant in disclosure must prevail." *Id.* at 124. Put another way, as amended in 1966, Rule 7 "requires that the defendant be given the benefit of the doubt in gray areas." *Id.* (citation omitted).

To comply with the Sixth Amendment to the Constitution, an indictment generally must do more than include the essential elements of an offense; it must

inform the defendant of which transactions or facts give rise to the alleged offense. *United States v. Outler*, 659 F.2d 1306, 1310 n.5 (5th Cir. 1981). Bills of particulars are especially important when the indictment could implicate numerous transactions and when the indictment lacks specific details regarding the dates of the offending actions.

    **2.**    **The Court should require the government to file a bill of particulars specifying the transactions that are part of a money laundering conspiracy.**

Whether to grant this request is entirely within the Court's discretion. That is, we have no case on our facts saying that the Court "must" grant a bill … and no case saying that the Court "may not." Either way, the Court will not commit reversible error in an appeal. Rather, we appeal to the Court's discretion, because our request is reasonable for two reasons:

First, we believe that it is necessary to know the transactions in order to prepare to defend against Count Two. Second, the request imposes no burden or intrusion on the government.

Presumably, the government is prepared to identify the transactions to the jury at trial – and we are simply asking that this not be a surprise or ambush. The government has provided us with various bank statements of the defendants, but that alone of course does not identify any "laundering" transactions. In fact, the government has filed a purported "expert witness notice" (Dkt. no. 205) stating that

3

it is calling a law officer to "highlight [unspecified] transactions" and "[unspecified] purchases" or "[unspecified] assets, including but not limited to planes, automobiles, jewelry, and commercial and personal real estate." Such an expert notice is plainly insufficient to give the required notice under Fed. R. Evid. 702 and Fed. R. Crim. Pro. 16(a)(1)(G). See Dkt. No. 211 (Motion to Exclude Expert).

The government also has filed bills of particulars identifying assets that it intends to forfeit. See Dkt. No. 149 (Third Bill of Particulars – listing assets, some of which involve Vaughan and some Akkad). It may be that the government contends that the purchase of those same assets are the "transactions" underlying Count Two – but we cannot tell. If the government plans to limit Count Two to the transactions in the forfeiture notice, then the government need only say so.

For these reasons, in order to avoid prejudicial surprise to defendants and in order to allow adequate preparation time for the defense, the Court should order the government to disclose the transactions implicating Vaughan and Akkad in Count Two.

Respectfully submitted,

*/s/ Joseph Brown*
JOSEPH D. BROWN
Texas Bar No. 00793413
Joe Brown, Attorney
100 N. Travis, Suite 205
Sherman, TX 75090
Phone: (903) 487-4700
Fax: (903) 421-9440
Email: joe@joebrown.law

*/s/ John D. Cline*
John D Cline
Law Office of John D Cline
235 Montgomery St
Suite 1070
San Francisco, CA 94104
Phone: (415) 322-8319
Fax: (415) 524-8265
Email: cline@johndclinelaw.com

**COUNSEL FOR EDWARD WALSH VAUGHAN**

*/s/ David Gerger*
David Gerger
dgerger@ghmfirm.com
TX Bar No. 07816360
Heather Peterson
hpeterson@ghmfirm.com
TX Bar No. 24007834
GERGER, HENNESSY MARTIN & PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

**COUNSEL FOR HADI AKKAD**

5

## CERTIFICATE OF SERVICE and CONFERENCE

The government opposes this motion.

I filed this pleading in the Court's electronic system which serves all parties.

/s/ David Gerger
David Gerger
