IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:22-CR-162-ALM-KPJ |
| | § | |
| EDWARD WALSH VAUGHAN (1) | § | Judge Mazzant |
| HADI AKKAD (2) | § | |
| GINA ELLINGSEN (6) | § | |
| | § | |

**U.S. BANK N.A. AND ELAVON, INC.'S REPLY TO DEFENDANTS' RESPONSE IN SUPPORT OF THEIR CORRECTED MOTION FOR FAVORABLE EVIDENCE**

Third parties U.S. Bank National Association ("U.S. Bank N.A.") and Elavon, Inc. ("Elavon") (collectively, "U.S. Bank"), by counsel, respectfully submit their reply to Defendants' response ("response") in support of their Corrected Motion for Favorable Evidence ("motion"). Dkt. Nos. 218, 235.

Defendants' response fundamentally fails to address how the correspondence between U.S. Bank and the Government, which is protected by the common interest doctrine, is subject to discovery. First, despite Defendants' arguments to the contrary, U.S. Bank has standing to object to Defendants' broad and inappropriate request for U.S. Bank's correspondence with the Government, precisely because U.S. Bank has a common interest privilege in this correspondence.

Second, U.S. Bank's correspondence with the Government is protected from discovery by the common interest doctrine. The common interest doctrine protects communications between parties who are not adverse and have "shared common interests." *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 589 (S.D. W. Va. 2002). As outlined in U.S. Bank's opposition to Defendants' motion, U.S. Bank and the Government have corresponded throughout parallel investigations, in response to grand jury subpoenas and other requests, in confidence, and in furtherance of U.S. Bank's and the Government's common interest in assessing the extent of Defendants' fraud. As

such, there can be no waiver here.

Finally, the lack of a written agreement to commemorate U.S. Bank's and the Government's common interest is immaterial. A written agreement or an order pursuant to Federal Rule of Evidence 502(d)-(e) is not required for the common interest doctrine to apply and confer protections over any correspondence U.S. Bank shared with the Government. In *See E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, No. 09-cv-58, 2010 WL 1489966, at *5 (E.D. Va. Apr. 13, 2010) (discussing how a lack of formal language commemorating the parties' common interest is not required for the common interest doctrine to provide protections).

As such, U.S. Bank respectfully asks the Court to deny Defendants' request for "any correspondence of any kind between anyone at U.S. Bank/Elavon (including its lawyers or other representatives) and the Department of Justice or agencies working on this investigation (including in Texas or Virginia)."[1] Dkt. No. 218 at 2.

## I. <u>ARGUMENT</u>

*First*, U.S. Bank has standing to object to Defendants' discovery request concerning U.S. Bank's own correspondence with the Government. Trade secrets or similar concerns for confidentiality are not the only interests that confer a party with standing. "[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings." *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979); *see also United States v. Crawford Enters., Inc.*, 735 F.2d 174, 176 (5th Cir. 1984) (per curiam) ("As a general proposition, persons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene . . . ."). In fact, privilege holders regularly intervene

---

[1] Defendants contend that U.S. Bank "has filed a motion to block both requests" contained in Defendants' motion. Dkt. No. 235 at 1. This is not so. U.S. Bank has intervened only with respect to Defendants' request for U.S. Bank's correspondence with the Government. *See* Dkt. No. 229 at 1, 7.

and object to the disclosure of privileged materials at all stages in criminal matters. *See Perlman v. United States*, 247 U.S. 7, 12 (1918) (holding that the owner of exhibits could intervene in a criminal grand jury proceeding to object to the disclosure of those exhibits based on privilege, even when the exhibits were in the possession of a third party); *United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013) (allowing privilege holder to intervene and object to the production of materials from the government to the defendant on grounds that the materials were privileged). Because U.S. Bank has an interest in its common interest correspondence with the Government and it would be adversely affected by disclosure of the correspondence, U.S. Bank has standing to object to Defendants' Motion.

*Second*, the common interest doctrine protects U.S. Bank's correspondence with the Government from discovery. The common interest doctrine protects "disclosures between attorneys for parties 'having a mutual interest in litigation.'" *United States v. AT&T*, 642 F.2d 1285, 1298 (D.C. Cir. 1980) (quoting *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 555 (N.D. Ill. 1964)).

In their response, Defendants cite to a number of cases that are easily distinguishable from the facts here. Significantly, U.S. Bank's correspondence with the Government in this matter has not occurred in a context where U.S. Bank and the Government are adverse to one another. Simply put, there is no liability to impose on U.S. Bank here, nor could there be. The fraud was executed and perpetuated by Defendants prior to the asset purchase by U.S. Bank, Defendants concealed their fraud from U.S. Bank and continued to operate fraudulently post-acquisition while Vaughan and Akkad were employed by Elavon. The conduct at issue in the indictment and the conduct described in U.S. Bank's civil complaint against ETS, Vaughan, and Akkad make it abundantly clear that U.S. Bank's investigation of Defendants' fraud, the Government's investigation of

Defendants' fraud, and any correspondence between the parties were in pursuit of a common goal: evaluating the scope of Defendants' fraud

By way of contrast, the communications at issue in *Ferko* were communications between a nominal defendant to a shareholder derivative suit and plaintiff's counsel. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing Inc.*, 219 F.R.D. 396, 399 (E.D. Tex. 2003). Although plaintiff and defendant shared an economic interest in the outcome of the suit, the parties were plainly legally adverse and no common legal interest could exist between them. *Id.* at 403. Similarly, the communications in dispute in *SB IP Holdings LLC* were communications between a seller and a buyer in a transaction. *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 20-cv-886, 2022 WL 19977100, at *4 (E.D. Tex. Aug. 18, 2022). Plainly, these parties were adverse to one another. The parties in *In re Santa Fe International Corp.* exchanged correspondence in the course of their regular business dealings, not in pursuit of a common legal interest. 272 F.3d 705, 713 (5th Cir. 2001). And while the Fifth Circuit has spoken about the application of the common interest doctrine amongst co-parties and would-be co-parties in criminal and civil cases, the Fifth Circuit does not appear to have faced the applicability of the common interest doctrine to the correspondence between the Government and a non-adverse third party.

Other courts, however, have recognized the existence of a common legal interest between the Government and non-adverse third parties to a criminal proceeding. In *Chambers*, an insurer, after investigating arson at plaintiff's home and determining the arson was potentially caused by plaintiff, shared documents and exchanged communications regarding the same with the fire marshal and the prosecutor in criminal discovery proceedings. *Chambers*, 206 F.R.D. at 589. The court found that the documents and communications were not subject to discovery because the exchanges between the insurer, the fire marshal, and the prosecutor were in pursuit of their "shared

common interests." *Id.* Similarly, in *California Sportfishing Protection Alliance*, defendants, who had previously pleaded guilty to criminal charges based on their pollution of waterways and were later being sued by a citizen organization in federal court pursuant to federal law, were not entitled to documents and communications shared between the plaintiff's attorneys and the district attorney's office because the exchanges occurred in pursuit of a "common interest in actively protecting water quality and public health." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 646-47 (E.D. Cal. 2014). Again, in *E.I. Du Pont*, the court found that the documents shared between a corporation and the U.S. Attorney's office in relation to the prosecution of defendant for theft of trade secrets, and the corporation's own civil litigation against the defendant regarding the same, were protected by the common interest doctrine and not subject to discovery. *E.I. Du Pont*, 2010 WL 1489966, at *5. That the corporation and the U.S. Attorney's Office did not share "complete identity of interest," had not entered into a contract memorializing their common interest, and did not invoke their common interest in each of their communications was immaterial to the court's findings. *Id.* at *8.

The courts' reasoning in *Chambers*, *California Sportfishing Alliance*, and *E.I. Du Pont* shows that the common interest doctrine is not narrowly limited to co-parties. "So long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests." *AT&T*, 642 F.2d at 1299.

U.S. Bank and the Government clearly share these "strong common interests" required for the common interest doctrine to protect their correspondence from disclosure. U.S. Bank and the Government are proceeding against a common adversary, on overlapping issues, on a closely related set of facts. U.S. Bank's correspondence with the Government is in furtherance of that common interest. As such, the correspondence Defendants seek in their request is clearly protected

from disclosure. Defendants' request for these communications should be denied.

## II. CONCLUSION

For the foregoing reasons, U.S. Bank respectfully asks the Court to deny Defendants' request for the Government to produce "any correspondence of any kind between anyone at U.S. Bank/Elavon" and "the Department of Justice or agencies working on this investigation."

Dated: August 19, 2024

Respectfully submitted,

*/s/ Michael S. Dry*

Michael S. Dry (*pro hac vice*)
Daniel T. Wallmuth (*pro hac vice*)
Ami Egerstrom (*pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Ave. NW, Ste. 500 West
Washington, DC 20037-1701
T: 1.202.639.6500 | F: 1.202.639.6604
mdry@velaw.com

*Counsel for U.S. Bank N.A. and Elavon, Inc.*

**CERTIFICATE OF SERVICE**

This pleading was filed and distributed to all counsel of record through the Court's ECF system.

*/s/ Michael S. Dry*
Michael S. Dry