# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NUMBER 4:22-CR-162-ALM-BD** |
| | § | |
| **EDWARD WALSH VAUGHAN (1)** | § | |
| **HADI AKKAD (2)** | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Vaughan and Akkad jointly moved for a bill of particulars—that is, a formal written statement providing details of the charges against them. Dkt. 213. The government filed a response in opposition, Dkt. 220, to which the defendants replied, Dkt. 226. The court has considered each of those filings and will deny the motion.

## I.   BACKGROUND

### A.

This case involves an alleged wire-fraud and money-laundering conspiracy. The indictment alleges that the defendants surreptitiously inflated fees charged for processing debit- and credit-card transactions, raking in millions of dollars to buy fancy cars, aircraft, and real estate. Dkt. 1 at 4, 11.

### B.

In their motion for a bill of particulars, the defendants take aim at the indictment's second count, which alleges a conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Asserting that the government alleged that they engaged in unidentified "transactions" over the course of seven years, the defendants want to know "what specific transactions by Vaughan, and which by Akkad, [the government] contends were part of the conspiracy to launder money." Dkt. 213 at 1. They claim to need that information to prepare their defense, and they say that granting their motion will not burden the government.

In response, the government asserts that the motion is an untimely effort to reveal trial strategy or limit the transactions the government may rely on at trial. It argues that, to prove the alleged money-laundering conspiracy, it will not need to rely on specific transactions; proof that the defendants agreed to launder proceeds in a specific manner will suffice. And in the government's view, the facts alleged in the indictment provide the defendants with the required amount of notice.

## II.  ANAYLSIS

### A.

Federal Rule of Criminal Procedure 7(f) authorizes a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The defendants were arraigned more than two years ago. So to prevail on their motion, they would first need to obtain leave of court to file it. *See, e.g.*, *United States v. Tankey*, No. 06 CR 50074, 2008 WL 11516210, at *1 (N.D. Ill. Feb. 15, 2008).

The defendants did not seek, let alone obtain, leave of court. The motion could be properly denied on that basis alone. But as explained below, that is not the defendants' only problem.

### B.

The point of a bill of particulars is to inform defendants of charges against them in sufficient detail to allow them to prepare their defense and avoid surprises at trial. *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977). A bill of particulars is required only if the indictment is so general that it does not apprise the defendants of the specific acts of which they are accused. *United States v. Moody*, 923 F.2d 341, 350–52 (5th Cir. 1991).

A defendant is not entitled to a bill of particulars to discover the theory of the government's case. Nor may a bill of particulars be "used for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965); *see United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982). And as the defendants here note, the decision whether to grant a motion for a bill of particulars lies within the trial court's discretion. *United States v. Burgin*, 621 F.2d 1352, 1358–59 (5th Cir. 1980). A court abuses its

discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

When, as here, the government alleges a conspiracy, the defendant's burden is heightened. As the Fifth Circuit has noted, "there is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge." *United States v. Murray*, 527 F.2d 401, 411 (1976). That is because, "in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973) (quoting *Wong Tai v. United States*, 273 U.S. 77, 81 (1927)).

Under Federal Rule of Criminal Procedure 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself." *Id.*

The indictment in this case provides sufficient information for the defendants to prepare their defense. The elements of the count at issue are: "(i) that there was an agreement between two or more persons to commit money laundering; and (ii) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) (quotation marks omitted); *see* 18 U.S.C. § 1956(h). The indictment not only alleges those elements, but also specifies the operative dates of the conspiracy, the participants, and the defendants' unlawful acts—including acts that, if proven, would support the government's money-laundering count. *See* Dkt. 1 at 5–13. In light of those allegations, the defendants cannot show that they are likely to be actually surprised at trial regarding the charges

against them or that they need a bill of particulars to prepare for trial. That means they are not entitled to a bill of particulars. *Kirkham*, 129 F. App'x at 72; *Moody*, 923 F.2d at 350–52; *Cantu*, 557 F.2d at 1178.

The defendants note in reply that their effort to discover information about the government's expert evidence has not met with success. Dkt. 226 at 1. But that does not make a motion for a bill of particulars their proper recourse. *See United States v. Rodriguez*, No. 4:18-CR-00216-ALM-CAN, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020).

### III. CONCLUSION

The motion for a bill of particulars, Dkt. 213, is **DENIED**.

This order resolves a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). *See United States v. Orrock*, No. 2:16-cr-00111, 2017 WL 6421328, at *1 (D. Nev. Dec. 14, 2017) ("A motion for a bill of particulars is a non-dispositive matter, so it is subject to final determination by a magistrate judge." (footnote omitted)). Any party who may want to seek reconsideration of this order by a district judge should consult that statutory provision and Federal Rule of Criminal Procedure 59(a).

**So ORDERED and SIGNED this 10th day of September, 2024.**

BILL DAVIS
UNITED STATES MAGISTRATE JUDGE