IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | **NO. 4:22-CR-162-ALM-BD** |
| § | |
| **EDWARD WALSH VAUGHAN (1)** § | |
| **HADI AKKAD (2)** § | |
| **GINA ELLINGSEN (6)** § | |

## ORDER

Nonparties U.S. Bank National Association and Elavon, Inc. filed a motion to seal their motion to quash the defendants' subpoenas for document production and witness testimony, Dkt. 234 (sealed), and a motion to seal a joint status report, Dkt. 261 (sealed). Dkts. 257, 260. Defendants Edward Walsh Vaughan, Hadi Akkad, and Gina Ellingsen filed a motion to seal their ex parte response to the motion to quash, Dkt. 251 (sealed). Dkt. 256. The court will grant U.S. Bank and Elavon leave to amend their sealing motions, which are currently insufficient to show entitlement to relief; strike the defendants' ex parte response to the motion to quash; and dismiss as moot the defendants' motion to seal that response.

## PROCEDURAL HISTORY

The defendants served subpoenas on U.S. Bank and Elavon requesting documents and trial testimony. *See* Dkt. 234 at 1 (sealed). U.S. Bank and Elavon filed a sealed motion to quash the subpoenas. Dkt. 234. The defendants filed a sealed, ex parte response to that motion. Dkt. 251. Because U.S. Bank and Elavon did not have access to the ex parte response, they filed a sealed opposition to its filing. Dkt. 254. Each of those documents was filed under seal without leave of court notwithstanding Local Rule CR-49(b).

The court ordered: (1) U.S. Bank and Elavon to file a motion to seal their motion to quash and their opposition; (2) the defendants to file a motion to seal their response; and (3) U.S. Bank, Elavon, the defendants, the government, or some combination of those people and entities to file a motion to seal two related court orders. Dkt. 255 (sealed). U.S. Bank and Elavon filed a motion

to seal their motion to quash, but not their opposition, and the defendants filed a motion to seal their response. No party or nonparty entity filed a motion to seal the court's orders, Dkts. 249 (sealed), 255 (sealed).

The court further ordered the defendants to file an advisory informing the court of (1) whether the defendants are entitled to file an ex parte response to U.S. Bank and Elavon's motion to quash and (2) whether the court may consider the defendants' ex parte response consistent with Canon 3(A)(4) of the Code of Conduct for U.S. Judges or other applicable law. The defendants did so. Dkt. 256.

Finally, the court ordered the parties, U.S. Bank, and Elavon to meet and confer about the motion to quash and then file a joint status report identifying the subpoena requests that they have agreed to and any disputes that require resolution by the court. The parties did so, Dkt. 261 (sealed), and U.S. Bank and Elavon moved to seal the report, Dkt. 260.

## SEALING STANDARD

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). For that reason, "sealing information placed in the judicial record" is "heavily disfavor[ed]." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). "[C]ourts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 418.

When a party seeks to file material under seal, the court must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and explain its sealing decision "at a level of detail that will allow for [appellate] review." *Id.* at 419 (quotation marks omitted). A court errs when it makes "no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing." *Id.* (quotation marks omitted).

**DISCUSSION**

None of the motions to seal articulates a reason sufficient to overcome the presumption in favor of the public's access to judicial records. Although U.S. Bank, Elavon, and the defendants were ordered to "reference the applicable law governing sealing of documents," "set forth the facts that support sealing the[] specific filings" at issue, and identify "the parts to be sealed," Dkt. 255 (sealed), they failed to do so. The court views that failure as a tacit recognition that the sealing standard cannot be satisfied here, as explained further below.

**I.  U.S. Bank and Elavon's Motion to Seal the Motion to Quash**

U.S. Bank and Elavon ask the court to seal their motion to quash because it discusses "confidential business information, which the public does not have access to and which could be used by competitors." Dkt. 257 at 2. Relying on *Barry v. Medtronic, Inc.*, No. 1:14-CV-00104, 2016 WL 11743536 (E.D. Tex. Aug. 4, 2016), U.S. Bank and Elavon argue that "[a] party's interest in non-disclosure of confidential business and sales information is an interest that can outweigh the public's common law right of access to judicial records." Dkt. 257 at 1. They assert that the motion's discussion of the subpoena requesting "non-public customer information collected by U.S. Bank, privileged correspondence issued by U.S. Bank's in-house legal team, and testimony regarding U.S. Bank's internal processes" should be protected from public disclosure. *Id.* at 2. In other words, they ask to seal not the responsive private information, but rather the mere suggestion that such information might exist.

A party's interest in sealing information that a competitor could use can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (collecting cases). But the party seeking to seal a judicial record must articulate a specific competitive harm. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (explaining that "[w]hen [the defendant] could not articulate any specific harm created by the disclosure, offered nothing but conclusory statements to support a blanket claim of confidentiality, and was unprepared to defend its claim that specific portions of the documents were confidential, the district court did not abuse its discretion by concluding that the public access presumption

3

overbore [the defendant's] interest in confidentiality"). Here, U.S. Bank and Elavon failed to articulate any competitive harms they would suffer if the motion to quash were unsealed, so they have not met their burden.

Even if there were a specific competitive harm, U.S. Bank and Elavon have not referenced the applicable law governing the sealing of documents, set forth the facts that support sealing the motion to quash, or identified the parts of the document that supposedly need to be sealed. *See* Dkt. 255 (sealed) (requiring all of those things). Further, even if the motion is unopposed (notwithstanding Local Rule CR-47(a)(3), there is no certificate of conference, so the court is unsure), that would not give U.S. Bank and Elavon license to ignore the sealing standard. Litigants cannot waive the public's right to access judicial records.

Because U.S. Bank and Elavon failed to apply the applicable legal standard, the court finds that the public's right of access outweighs U.S. Bank's and Elavon's interests in sealing. But if they want to, U.S. Bank and Elavon may amend their motion to remedy the deficiencies. *See Bakios v. Michaels Stores, Inc.*, No. 3:23-CV-01274-K, 2024 WL 812020, at *8 (N.D. Tex. Feb. 27, 2024) (permitting a party to renew its request to seal a complaint that purportedly reveals confidential business information so that the party might file "particularized briefing and evidence" to show that "sealing some of the information is appropriate" and to "identify with specificity the threat of competitive harm that disclosure of its information would create"); *Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, No. 3:23-CV-00296-K, 2023 WL 6850006, at *11–12 (N.D. Tex. Oct. 17, 2023) (giving a party "one more opportunity to amend its sealing motion to identify interests supporting sealing" and stating that if the party "renews its sealing request, it should present facts supporting its position, including any concrete prejudice it will face or is likely to face from disclosure of the information"). If they choose not to amend, the court will deny the motion to seal, Dkt. 257, and unseal their motion to quash, Dkt. 234 (sealed).

## II. U.S. Bank and Elavon's Motion to Seal the Joint Status Report

U.S. Bank and Elavon also ask the court to seal the joint status report because it discusses "confidential business information, which the public does not have access to and which could be

used by competitors." Dkt. 260 at 1. Relying once again on *Barry,* 2016 WL 11743536, at *1, the motion states that "[a] party's interest in non-disclosure of confidential business and sales information is an interest that can outweigh the public's common law right of access to judicial records." Dkt. 260 at 1. It asserts that the joint status report discusses the defendants' *request* "for non-public customer information collected by U.S. Bank and privileged correspondence issued by U.S. Bank's in-house legal team." *Id.* As before, the motion asks not to seal confidential business information, but rather to seal the mere mention that such information might exist.

As noted, a party's interest in sealing information that competitors could use can overcome the public's right to access judicial records if the party articulates a specific competitive harm that justifies sealing. *Nixon*, 435 U.S. at 598; *Vantage Health Plan*, 913 F.3d at 451. But U.S. Bank and Elavon failed to explain what specific threat of competitive harm would arise if the joint status report were not filed under seal. They also failed to reference the applicable law governing the sealing of documents, set forth the facts that support sealing the joint status report, or identify the parts to be sealed. *See* Dkt. 255 (sealed). Even though the motion is unopposed, the defendants cannot, as already noted, waive the public's right to access this report, so U.S. Bank and Elavon must still address the sealing standard. Once again, if they want to, U.S. Bank and Elavon may amend their motion to comply with the law and this court's order. *See Bakios*, 2024 WL 812020, at *8; *Ironshore Specialty Ins. Co.*, 2023 WL 6850006, at *11–12. Otherwise, the court will deny their motion to seal, Dkt. 260, and unseal the joint status report, Dkt. 261 (sealed).

### III. The Defendants' Motion to Seal Their Ex Parte Response to the Motion to Quash

The defendants argue that their response to the motion to quash "is replete with trial strategy," so they should be permitted to file it under seal and ex parte. Dkt. 256 at 2. They state that there is "ample authority permitting ex parte, sealed filings" in the Federal Rule of Criminal Procedure 17(c) context, *id.* at 5, especially to conceal trial strategy, *id.* at 2. But the authority they cite permits an ex parte *application* for a subpoena under Rule 17(c), not a response to a motion to quash.

Rule 17 provides for the issuance and service of subpoenas. Rule 17(a) discusses the requirements for a subpoena commanding a witness to testify, and Rule 17(c) discusses the requirements for a subpoena commanding the production of documents. Courts outside of this district have concluded that a defendant may file an application for a subpoena under Rule 17(c) ex parte to protect the defendant's trial strategy. *See, e.g.*, *United States v. Potts*, No. H-16-0147-01, 2017 WL 1314193, at *1 n.2 (S.D. Tex. Apr. 6, 2017) (in considering an ex parte application for a Rule 17(c) pretrial subpoena, noting that "[c]ourts are split as to whether to permit ex parte applications" but stating that such applications "can serve the legitimate interest[]" of "concealing the applicant's trial strategy"); 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 275 (4th ed. 2024) (noting some courts' conclusion that, "in limited circumstances, both the government and a defendant may make an ex parte application for a pre-trial subpoena duces tecum"). That is because there are situations in which revealing the identify of a piece of evidence itself would reveal the defendant's trial strategy. *See United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997).

Here, however, the defendants did not submit an ex parte subpoena application. They obtained a blank subpoena form from the court, filled it out with the information they now claim is confidential, and served it on two third parties knowing that the subpoena could be subject to a motion to quash and that they might need to defend against that motion to get the documents. *See* Fed. R. Crim. P. 17(c)(2); *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (listing the elements the moving party must show to require production before trial). It is only now, after the defendants have identified the documents they seek, that they claim entitlement to the secrecy of an ex parte filing. The court is not convinced that the text of Rule 17(c) permits an ex parte application. But even if it does, the court is not inclined to allow a response to a motion to quash to be filed ex parte—particularly given that the identity of the documents the defendants seek has already been revealed. Even more, the motion to quash challenged not only a Rule 17(c) subpoena but also a Rule 17(a) subpoena. Dkt. 234 at 4–10. Assuming that the ex parte response includes argument regarding the 17(a) subpoena, the court is even less inclined to review it ex parte.

## IV. U.S. Bank and Elavon's Opposition and the Court's Orders

U.S. Bank and Elavon did not file a motion to seal their opposition to the defendants' ex parte response, Dkt. 254 (sealed). Nor did U.S. Bank, Elavon, the defendants, or the government file a motion to seal the court's orders, Dkts. 249 (sealed), 255 (sealed). Each of those filings will be unsealed.

## CONCLUSION

It is **ORDERED** that:

(1) within 14 days of the docketing of this order, U.S. Bank and Elavon file an amended motion to seal their motion to quash and the joint status report, Dkts. 257, 260, if necessary. The motion must correct the deficiencies identified in this order. If, under the applicable law, the documents should not be sealed, no further action is necessary;

(2) within 14 days of the docketing of this order, the defendants file a response, if any, to the motion to quash, Dkt. 234 (sealed), that is not ex parte. The response should address only those subpoena requests identified as ripe in the joint status report, Dkt. 261 at 2 (sealed);

(3) the Clerk of Court **STRIKE** the defendants' ex parte response to the motion to quash, Dkt. 251;

(4) the defendants' motion to seal their ex parte response, Dkt. 256, is **DISMISSED** as moot; and

(5) the Clerk of Court **UNSEAL** docket entries 249, 254, and 255.

So **ORDERED** and **SIGNED** this 27th day of November, 2024.

_____
Bill Davis
United States Magistrate Judge