# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | Case No. 4:22-cr-00162 |
| EDWARD WALSH VAUGHAN (1) § | Judge Mazzant |
| HADI AKKAD (2) § | |
| GINA ELLINGSEN (6) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Joint Motion in Limine to Exclude Guilty Pleas and Convictions of Government Witnesses (Dkt. #202). Having considered the Motion, the relevant pleadings, and applicable law, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

#### I.     Factual Background

Between 2012 and 2019, Electronic Transactions Systems Corporation ("ETS") was a credit and debit card processing company incorporated and headquartered in Virginia (Dkt. #1 at ¶ 1). ETS provided equipment and services to facilitate card payment transactions, essentially acting as a middleman (Dkt. #1 at ¶ 4). The executives responsible for day-to-day operations of the company were Defendants Edward Vaughan, ETS's President, and Hadi Akkad, ETS's Executive Vice President (Dkt. #1 at ¶ 3). The remaining Defendants, Jill Hall Mandichak, Sean Lynch, Katherine Nguyen, and Gina Ellingsen were all employees working in ETS's sales, accounts, or payments departments (Dkt. #1 at ¶ 3).

On July 13, 2022, the Grand Jury returned a two count Indictment, specifically for all six Defendants for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and indicted Vaughan and Akkad for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h)

(Dkt. #1). According to the Indictment, all six Defendants used ETS's position as a middleman in card-payment transactions to include hidden fees in transactions with their clients (Dkt. #1 at ¶¶ 8–25). According to the Government, the hidden-fee scheme allowed ETS to illicitly obtain millions of dollars (Dkt. #1 at ¶¶ 8–25). The Indictment further charges Vaughan and Akkad with a conspiracy to commit money laundering by using those funds to purchase assets and other property (Dkt. #1 at ¶¶23–27).

## II. Procedural Background

On November 14, 2022, Defendants Nguyen, Lynch, and Mandichak pleaded guilty to conspiracy to commit wire fraud (Dkt. #115; Dkt. #117; Dkt. #119). As part of the plea agreement, Nguyen, Lynch, and Mandicak have become the Government's witnesses ("the Witnesses") (Dkt. #203 at p. 2). On June 12, 2024, the remaining Defendants (Vaughan, Akkad, and Ellingsen) jointly filed a Motion in Limine to exclude the guilty pleas and convictions of the Witnesses (Dkt. #202). Defendants argue that they do not intend to impeach the Witnesses with their guilty pleas, which, they contend, reduces the probative value of the pleas such that their introduction would be unfairly prejudicial to Defendants (Dkt. #202). The Government responds by arguing that the guilty pleas and convictions have legitimate probative value apart from inoculating the jury to an anticipated impeachment on cross-examination (*See* Dkt. #203 at p. 2). On July 1, 2024, Defendants' filed a joint reply in support of its Motion, again arguing that the guilty pleas have diminished probative value and should be excluded (*See* Dkt. #206). The Government filed its Sur-Reply on July 8, 2024, reasserting that the guilty pleas have legitimate probative value to show other facts of consequence regarding the Witnesses (*See* Dkt. #212).

## LEGAL STANDARD

In order to be admissible, evidence must be relevant. FED. R. EVID. 402. Evidence is relevant when it has any tendency to make a fact of consequence more or less probable. FED. R. EVID. 401. However, even relevant evidence is inadmissible when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. FED. R. EVID. 403. Additionally, evidence of a co-conspirator's guilty plea is not admissible as substantive evidence of a defendant's guilt. *U.S. v. Fleetwood*, 528 F.2d 528, 532 (5th Cir. 1976). Nonetheless, "a witness-accomplice's guilty plea may be brought out at trial, provided that evidence serves a legitimate purpose, and the jury is properly instructed about the limited use they may make of it." *U.S. v. Mazkouri*, 945 F.3d 293, 301–02 (5th Cir. 2019) (finding no abuse of discretion where the district court admitted evidence of co-conspirators' guilty pleas over objections). Legitimate purposes of admitting co-conspirators' guilty pleas include blunting the potential effects of impeachment, clarifying the nature of the arrangement between the Government and witness, determining credibility, explaining the reasonableness of the witness's firsthand knowledge, and ensuring that the jury is not left with an impression that the Government is not being fully candid. *Id.* at 302; *U.S. v. Valuck*, 286 F.3d 221, 230 (5th Cir. 2002).

## ANALYSIS

The question for the Court is whether the Government has a legitimate purpose in using the Witnesses' guilty pleas outside of inoculating against an impeachment. Defendants argue, under a 403 framework, that the only legitimate purpose for the Government to introduce the Witnesses' guilty pleas and convictions is to "blunt the sword" of the anticipated impeachment

(Dkt. #202 at p. 2) (citing *U.S. v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990).[1] *See* FED. R. EVID. 403. Thus, because Defendants do not plan to use the guilty pleas for impeachment purposes, they argue that any remaining probative value is substantially outweighed by the danger that the jury will find Defendants guilty by association (Dkt. #202 at pp. 2–3). However, Defendants do not fully commit to refrain from impeaching the Witnesses with their guilty pleas (Dkt. #202 at p. 6). Instead, they reserved the right to impeach, so long as they tell the Government before the end of a Witnesses' direct examination (Dkt. #202 at p. 6).

The Government responds to Defendants by focusing on the relevancy of the guilty pleas as evidence, and how their probative value explores three main areas interest (Dkt. #203 at pp. 5–7). First, the Government contends that the guilty pleas will rebut the notion that the Defendants were unfairly singled out for prosecution (Dkt. #203 at p. 5). Next, it argues that the Witnesses necessarily put their credibility at issue by testifying, so the jury should consider the guilty pleas in assessing their credibility (Dkt. #203 at p. 6). Finally, the Government argues that the jury should consider the guilty pleas in assessing the Government's own credibility, as it will allow the Government to be fully candid with the jury (Dkt. #203 at pp. 6–7).[2] As part of its response, the Government observes that the danger of prejudice to the Defendants can be mitigated with a proper limiting instruction from the Court (Dkt. #203 at p. 7).

The Court agrees with the Government that legitimate purposes exist for admitting he guilty pleas. Specifically, the evidence is probative of the Witnesses' credibility, to clarify the

---

[1] Defendants cite to one Louisiana district court and three Texas district courts that have granted similar motions (Dkt. #202 at p. 5). *U.S. v. Kaluza*, No. 2:12-cr-265 (E.D. La. Feb. 3, 2016); *U.S. v. Gas Pipe, Inc., et. al.,* No. 3:14-cr-00298-M (N.D. Tex. Sept. 21, 2018); *U.S. v. John Wiley Price et. al.*, No. 3:14-cr-293-M (N.D. Tex. Jan. 24, 2017); *U.S. Stump*, No. 4:01-cr-391 (S.D. Tex. May 6, 2002).

[2] The Government directs the Court to two Texas district courts that denied similar motions (Dkt. #203 at p. 1, 9). *See U.S. v. Hall*, No. 3:18-cr-623 (N.D. Tex. July 16, 2023); *U.S. v. Mazkouri*, No. 4:16-cr-213 (S.D. Tex. May 12, 2017).

4

nature of the relationship between the Government and Witnesses, to rebut the inference that Defendants were unfairly singled out for prosecution, and to explain the Witnesses firsthand accounts of the alleged criminal actions. *See Mazkouri*, 945 F.3d at 301–02; FED. R. EVID 401. The relevance of the guilty pleas is not *substantially* outweighed by the danger of unfair prejudice because the evidence is probative of the legitimate purposes discussed and the Court can give a limiting instruction to mitigate any prejudice. *See id.*; FED. R. EVID. 105; 401; 403.

Defendants' argument that the probative value of the guilty pleas is decreased by their stipulation, such that the probative value is substantially outweighed by the danger of unfairly prejudicial, is unpersuasive for two reasons. First, Defendants did not actually commit to restraining from impeaching the co-conspirators with their pleas (Dkt. #202 at p. 6). Instead, they offer to let the Government know if they decide to impeach them right before the end of direct examination (Dkt. #202 at p. 6). If Defendants were allowed to restrain the Government in such a fashion, the Government would be limited in its trial presentation and subject to the whims of Defendants. In essence, Defendants strategy invites a level of gamesmanship whereby they dictate how the Government presents its own case without facing any similar limitations themselves. Defendants are under no obligation to impeach the witnesses with their guilty pleas, but have the right do so if they choose. Defendants are not permitted to limit the Government's trial presentation based on a promise that is no promise at all.

Second, even if Defendants fully committed to not impeaching the co-conspirators with their guilty pleas, the evidence would still be probative for three reasons: (1) for the Government to clarify the nature of the relationship between the Government and co-conspirators, (2) to explain the firsthand knowledge of the co-conspirators, and (3) to show the jury that the Government is

being fully candid and not singling out the Defendants. *See Mazkouri*, 945 F.3d at 302; *Valuck*, 286 F.3d at 230. If evidence of the guilty pleas or convictions of testifying co-conspirators is admitted, the Court can give a proper limiting instruction to the jury. *See* FED. R. EVID. 105; *see also* Fifth Circuit Pattern Jury Instructions (Criminal) § 1.16 (2024).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Joint Motion in Limine to Exclude Guilty Pleas and Convictions of Government Witnesses (Dkt. #202) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 18th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE