# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4:22-cr-162 |
| § | Judge Mazzant |
| EDWARD VAUGHAN (1) § | |
| HADI AKKAD (2) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Vaughan and Akkad's Second Motion for Bill of Particulars (Dkt. #291). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

The factual background of this case is discussed in detail in the Court's Order on Akkad's Motion for Continuance, issued on March 21, 2025 (Dkt. #302). In addition to those facts, the pertinent procedural history of the current motion is as follows. On July 11, 2024, Akkad and Vaughan filed a First Motion for Bill of Particulars, seeking a more detailed account of Count 2 for conspiracy to commit money laundering (Dkt. #213). The Court denied that motion on September 10, 2024 (Dkt. #248). The Government filed a Superseding Indictment on March 5, 2025 (Dkt. #274). In response to the Superseding Indictment, Akkad and Vaughan filed this Second Motion for Bill of Particulars, seeking to have the Government further explain what actions they committed to constitute concealment money laundering as alleged by the Superseding Indictment (Dkt. #291). The Government responded on March 19, 2025, arguing that the Magistrate Judge's Order from September 2024 was correct and the reasoning applies to the current Motion, so it should likewise be dismissed (Dkt. #298).

**LEGAL STANDARD**

Federal Rule of Criminal procedure 7(f) authorizes a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The purpose of a bill of particulars is to inform defendants of the charges against them in sufficient detail to allow them to prepare their defense and avoid surprises at trial. *U.S. v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005); *U.S. v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1997). A bill of particulars is only required if the indictment is so general that it does not apprise the defendants of the specific acts of which they are accused. *U.S. v. Moody*, 923 F.2d 341, 350–52 (1991).

A bill of particulars cannot be used to obtain the theory of the government's case, nor can it be used for the purpose of obtaining a detailed disclosure of the government's evidence in advance of trial. *U.S. v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982); *Downing v. U.S.*, 348 F.2d 594, 599 (5th Cir. 1965). The decision whether to grant a motion for a bill of particulars is within the discretion of the trial court. *U.S. v. Burgin*, 621 F.2d 1352, 1358–59 (5th Cir. 1980). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See U.S. v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

**ANALYSIS**

Defendants argue in their Second Motion for Bill of Particulars that the Court should order the Government to disclose "all transactions" that support its contention of conspiracy to commit money laundering, specifically those that are going to be offered to prove concealment transactions (*See* Dkt. #291). Defendants argue that they require the list of these transactions because they did not learn of the Government's intent to offer concealment as an avenue for money laundering until

the Government filed the Superseding Indictment (Dkt. #291). Further, they argue that the voluminous discovery makes it prejudicial for Defendants to review the evidence and prepare a defense before trial on March 31, 2025 (Dkt. #291). Defendants contend that the Court should view the current Motion for Bill of Particulars differently from their prior denied motion because (1) the trial date is very close, (2) the Government indicated it will offer proof of concealment transactions, and (3) it is more difficult for the defense to identify what transactions the Government will claim are designed to conceal rather than identify proceeds over the eleven year period in the Superseding Indictment (Dkt. #291).

The Government responds by arguing that Defendants have merely repackaged their arguments from the First Motion for Bill of Particulars, which was denied (Dkt. #298). The Government urges the Court to deny the current Motion on the same basis as Defendants' First Motion (Dkt. #298). Specifically, the Government argues that Superseding Indictment alleges the same count of conspiracy as the Original Indictment, which requires proof of an agreement to commit money laundering, not proof of the actual crime itself (Dkt. #298 at pp. 2–3). Thus, Defendants' current Motion seeks the same information they were denied in their First Motion, even though the Superseding Indictment is more specific than the Original Indictment (Dkt. #298). The Court agrees with the Government.

There is no general requirement that the government disclose all of the overt acts it will prove in establishing a conspiracy charge in a bill of particulars. *U.S. v. Murray*, 527 F.2d 401, 411 (1976). Thus, in an indictment for conspiring to commit an offense, where the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all the elements essential to

3

the commission of the offense which is the object of the conspiracy. *U.S. v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973).

Under Federal Rule of Criminal Procedure 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against him, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *U.S. v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). It is "generally sufficient that an indictment set forth the offense in the words of the statute itself." *Id.*

Currently Defendants have two problems. First, they failed to receive leave of court to file their Motion seeking a Bill of Particulars (*See* Dkt. #291). This defect alone would be enough to justify a dismissal.[1] FED. R. CRIM. PROC. 7(f); *U.S. v. Castillo*, No. 3:08-cr-119-D, 2009 WL 748234, at *1 (N.D. Tex. Mar. 23, 2009); *U.S. v. Hesson*, No. 15-152, 2015 WL 8273803, at *3 (E.D. La. Dec. 8 2015); *see also, U.S. v. Piper*, 227 F. Supp. 735, 738 (N.D. Tex. 1964). Setting aside this obvious shortcoming, the second problem is that the Superseding Indictment in this case is more specific than the Original Indictment (*Compare* Dkt. #1, *with* Dkt. #274). The elements of the conspiracy count at issue are: "(i) that there was an agreement between two or more persons to commit money laundering; and (ii) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." *U.S. v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) (quotation marks omitted); *see* 18 U.S.C. § 1956(h).

---

[1] The same issue arose with Defendants' First Motion for Bill of Particulars, and the Magistrate Judge noted it in the denial of that Motion (Dkt. #248 at p. 2).

The Superseding Indictment not only alleges those elements, but also specifies the operative dates of the conspiracy, the participants, and the Defendants' unlawful acts (*See* Dkt. #274). Further, the Superseding Indictment provides an explicit example of Akkad's actions in concealing funds, which the Government contends is evidence of conspiracy to commit money laundering (Dkt. #274 at ¶ 28). When reviewing the Superseding Indictment, the Defendants cannot show that they are likely to be actually surprised at trial regarding the *charges* against them. *See Kirkham*, 129 F. App'x at 72. Defendants are in possession of all of the evidence that the Government intends to use against them at trial, as well as a sufficiently detailed Indictment that apprises them of the crimes that they allegedly committed (Dkt. #274; Dkt. #286 at p. 6; Dkt. #287 at p. 3). Further, Defendants' claims that discovery is voluminous obviates the need for a bill of particulars. *Kirkham*, 129 F. App'x at 72–73; *U.S. v. Thomas*, No. 3:11-cr-168-D, 2012 WL 2399343, at *5 (N.D. Tex. June 26, 2012). Thus, a bill of particulars is not proper. *Kirkham*, 129 F. App'x at 72; *Moody*, 923 F.2d at 350–52; *Cantu*, 557 F.2d at 1178; *see U.S. v. Rodriguez*, No. 4:18-cr-00216-ALM-CAN, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 4:18-cr-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020). Accordingly, the Court denies Defendants' Second Motion for Bill of Particulars.

## CONCLUSION

It is therefore **ORDERED** that Vaughan and Akkad's Second Motion for Bill of Particulars (Dkt. #291) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 21st day of March, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE