IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:22-CR-162-ALM-BD |
| | § | |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |
| GINA ELLINGSEN (6) | § | |
| | § | |

**U.S. BANK N.A. AND ELAVON, INC.'S MOTION TO QUASH DEFENDANT AKKAD'S SUBPOENA FOR WITNESS TRIAL TESTIMONY OR CERTIFICATION OF DOCUMENTS AS BUSINESS RECORDS**

Third parties U.S. Bank National Association ("U.S. Bank N.A.") and Elavon, Inc. ("Elavon") (collectively, "U.S. Bank"), by counsel, respectfully submit this Motion to Quash Defendant Akkad's ("Defendant") Subpoena for Witness Trial Testimony or Certification of Documents as Business Records.

On March 17, 2025, two weeks before trial, Defendant issued a trial subpoena summoning third-party "U.S. Bank/Elavon" to provide (1) a "Custodian of Records who can testify that the documents listed on Attachment A are business records of US Bank, or, in the alternative, a business records affidavit covering these documents"; and (2) a "Custodian of Records who can explain the document in Attachment B." *See* Ex. A (March 17, 2025 Subpoena ("March 17 Subpoena"); Ex. B (Attachment A to the March 17 Subpoena); Ex. C (Attachment B to the March 17 Subpoena).[1] *First*, the documents identified in Attachment A to the March 17 Subpoena appear to be a mix of email correspondence, attachments to those correspondence, stand-alone documents, stand-alone spreadsheets, and other types of documents. *See* Ex. B. U.S. Bank cannot certify that

[1] For the purpose of this motion, U.S. Bank adopts Defendant Akkad's terminology and refers to the call log as "Attachment B." Because this document contains proprietary information regarding customer interactions with U.S. Bank and Elavon, it has been filed separately under seal.

*all* of the documents listed in Attachment A to the March 17 subpoena are business records, and accordingly, cannot comply with the subpoena as served. *Second*, Attachment B is both irrelevant and inadmissible in this case. Notwithstanding the irrelevance and admissibility of Attachment B, Defendant's request for U.S. Bank to identify a custodian to "explain the document" is unreasonable and oppressive. *See* Ex. C (SEALED). For the reasons discussed below, the subpoena should be quashed.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 17(a) governs subpoenas compelling testimony and requires that such subpoenas "include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a). Rule 17 also provides that upon a "motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). While this portion of the rule falls under the heading pertaining to subpoenas *duces tecum* and the Rule "does not explicitly address the quashal or modification of a Rule 17(a) subpoena, courts 'routinely have entertained motions seeking such relief and decided them by reference to comparable principles [to those governing Rule 17(c) subpoenas].'" *United States v. Bebris*, 4 F.4th 551, 559 n.5 (7th Cir. 2021) (quoting *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)); *see United States v. Avalos-Martinez*, 299 F.R.D. 539, 543 (W.D. Tex. 2014) (granting a party's motion to quash a subpoena to compel testimony).

Accordingly, a party who issues a Rule 17(a) subpoena must satisfy the standard discussed by the Supreme Court in *Nixon*, namely that the requested testimony is relevant, admissible, and material. *See Stern*, 214 F.3d at 17 (discussing that "[r]oughly the same standard" from *United*

*States v. Nixon*, 418 U.S. 683 (1974), applies to subpoenas compelling the attendance of witnesses).

First, the requested testimony must have "real relevance to the particular counts for which [the defendant] was charged." *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005); *see also United States v. Keogh*, No. CR-17-290-D, 2022 WL 129464, at *1 (W.D. Okla. Jan. 12, 2022) (explaining the Supreme Court's requirement that a defendant seeking compulsory attendance of a witness must show the witness's testimony is "relevant and material."). In this context, the evidence must be material, meaning it "'might be sufficient to create a reasonable doubt' about guilt." *Keogh*, 2022 WL 129464, at *1 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 68 (1982)); *see also Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) ("[M]aterial evidence is that which is exculpatory—evidence that if admitted would create reasonable doubt that did not exist without the evidence.").

Second, a movant must make a "sufficient preliminary showing that [the requested testimony] contains evidence admissible with respect to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700.

Third, a subpoena request for testimony must not turn into a "fishing expedition." *Id.*; *see Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951) (finding a party's subpoena invalid because it was "not intended to produce evidentiary materials but is merely a fishing expedition to see what may turn up"). Indeed, "[w]here the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena." *Bebris*, 4 F.4th at 559 (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)).

This inquiry is the same whether the individual challenging the subpoena is a party or non-party. *See generally* Fed. R. Crim. P. 17(c)(2) advisory committee's note to 2008 amendment (discussing the application of Rule 17 to victims and third parties).

## ARGUMENT

### A. Defendant Akkad's First Subpoena Request Cannot be Fulfilled Because the Documents Listed in "Attachment A" Are Not Exclusively Business Records

U.S. Bank is unable to comply with Defendant Akkad's first request in his March 17 Subpoena. Defendant Akkad lists over 300 documents that he asserts are business records and demands that U.S. Bank either certify all of them as business records or provide a custodian to testify that each of these documents qualifies as a business record. U.S. Bank is unable to comply with this request. The documents listed in Attachment A of the March 17 Subpoena include a variety of items such as email correspondence, attachments to those emails, independent documents, stand-alone spreadsheets, and other types of documents.

According to Federal Rule of Evidence 803(6), a business record must meet the following criteria: (a) it must have been created at or near the time of the event by, or from information provided by, someone with knowledge of the event; (b) it must have been maintained as part of a regularly conducted business activity; and (c) it must have been made as a regular practice of the business. *See* Fed. R. Evid. 803(6). An email, for instance, is not a business record "for purposes of the relevant hearsay exception simply because it was sent between two employees in a company or because employees regularly conduct business through emails." *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). Other courts have observed that "it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all those e-mails are business records falling with the ambit of Rule 803(6)(B)." *United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013). Therefore, U.S. Bank is unable to certify that all records

identified by Defendant in Attachment A qualify as business records or provide a custodian to attest to the same.

**B. Defendant Akkad's Second Subpoena Request Is an Improper Attempt to Gather Irrelevant and Inadmissible Testimony About a Document He Received Over One Year Ago**

*First*, Defendant's second subpoena request fails to meet the admissibility requirement of *Nixon* because Attachment B is inadmissible; it was not a document maintained in the ordinary course of business and, even if it were, it contains inadmissible hearsay.

In response to litigation between Defendants and U.S. Bank in 2023 regarding a subpoena request, U.S. Bank was ordered to provide any responses to the "Welcome to Elavon" letter that U.S. Bank received from ETS's former merchant clients. Following the Court's order, U.S. Bank identified the locations where such information was collected and archived. U.S. Bank then extracted from its archived data the information that was responsive to Defendants' request. This information was subsequently collected and organized to specifically reflect only the information requested by Defendants. The resulting information is reflected in Attachment B to Defendant's subpoena. *See* Ex. C (SEALED). It is important to note that this document was not maintained in the ordinary course of business but was created solely in response to Defendants' request. Accordingly, it is inadmissible as a business record. *See Hager v. Brinker Texas, Inc.*, 102 F.4th 692, 703 (5th Cir. 2024) ("Summaries of records prepared for litigation are not admissible under the business records exception to the hearsay rule, because litigation is not a regularly conducted business activity—indeed, documents prepared specifically for use in litigation are dripping with motivations to misrepresent." (citations and internal quotation marks omitted)); *United States Commodity Futures Trading Commission. v. Dizona*, 594 F.3d 408, 416 (5th Cir. 2010) (discussing the requirement under the Federal Rule of Evidence 803(6) that a business record be kept "at or near the time of the" business activity). Furthermore, there is no single person at U.S. Bank who

could testify to every line item in this document. Numerous employees at U.S. Bank received these calls and inquiries, and it is highly unlikely that they remember specific calls from customers from over six years ago. Even if Defendants were to call each U.S. Bank employee who created the data reflected in Attachment B, the statements made by the clients to the U.S. Bank employees and any notes regarding these conversations would still be considered inadmissible hearsay. *See Williams v. Remington Arms Company, Inc.*, 2008 WL 222496 at *9–10 (N.D. Tex. Jan. 28, 2008) (holding that customer complaints are hearsay and do not qualify as records of regularly conducted activity under Rule 803(6) because the complaints are not made by persons acting in the course of a regularly conducted business activity). Since Defendant has not provided, and is unable to provide, an admissible basis for introducing this document into evidence or for questioning a custodian witness about the document, his subpoena should be quashed.

*Second*, Defendant Akkad has not demonstrated how Attachment B or the testimony of a witness about it would affect the determination of his guilt or innocence. The information in Attachment B is completely irrelevant to the charges specified in the indictment or any legitimate defense. Therefore, Defendant's second subpoena request does not satisfy the relevance requirement of *Nixon*.

To prove a conspiracy to commit wire fraud under 18 U.S.C. § 1349, the Government must show beyond a reasonable doubt that: (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement with the intent to further the unlawful purpose. *United States v. Sanders*, 952 F.3d 263, 273 (5th Cir. 2020). To prove a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), the Government must prove: (1) there was an agreement between two or more persons to commit money laundering and (2) the defendant joined the agreement knowing its

purpose and with the intent to further the illegal purpose. *United States v. Cessa*, 785 F.3d 165, 173 (5th Cir. 2015). Defendant appears to plan to introduce evidence concerning the state of mind of the merchant victims after they received the "Welcome to Elavon" letter. This letter was sent around the same time that the merchant clients received letters from the government informing them of the investigation. However, any claims of negligence or actual knowledge of Defendants' fraudulent scheme by the merchant clients do not constitute a valid defense. "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts." *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980); *see also United States v. Gaver*, 815 F. App'x 700, 703 (4th Cir. 2020). Therefore, any evidence regarding the state of mind of merchant clients after learning of Defendants' conduct is not relevant. This is precisely the nature of Attachment B, making both the document and any testimony "explaining it" irrelevant.

*Third*, Defendant Akkad's second subpoena request is not specific in any way, and therefore, does not meet the final standard under *Nixon*. 418 U.S. at 700; *see* Ex. A. The request does not specify who is commanded to testify about this document, merely stating a "custodian," thereby leaving the investigation and identification to U.S. Bank. As previously discussed, there is no single custodian of this document because the information was provided to Defendants in response to their subpoena request. The request also fails to describe or clarify which portions of the document the witness would need to "explain," again leaving U.S. Bank to identify a witness who could "explain" all or parts of the document.

But there is no single custodian who could "explain" all aspects of the document beyond how it was generally created. This is especially burdensome considering that Defendant Akkad has had this document since it was produced by U.S. Bank over a year ago. Yet, it is only now, on the

eve of trial, that Defendant Akkad makes this request, which lacks sufficient specificity for U.S. Bank to identify a proper custodian to testify and determine which portions Defendant seeks to have "explained." As explained previously, U.S. Bank would need to find multiple witnesses to testify about discrete parts of the document. Such an exercise would only cause undue delay and waste time, and therefore, should be excluded under Fed. R. Evid. 403.

**CONCLUSION**

For the foregoing reasons, U.S. Bank respectfully asks the Court to quash Defendant's Subpoena for Witness Trial Testimony or Certification of Documents as Business Records.

Dated: March 28, 2025

Respectfully submitted,

*/s/*

Ephraim Wernick (TX 24042138)
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
ewernick@velaw.com
T: 1.202.639.6730 | F: 1.214.220.7716

Daniel T. Wallmuth (*pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Ave. NW, Ste. 500 West
Washington, DC 20037-1701
T: 1.202.639.6762 | F: 1.202.879.8852
dwallmuth@velaw.com

*Counsel for U.S. Bank N.A. and Elavon, Inc.*

## CERTIFICATE OF CONFERENCE

U.S. Bank's counsel met and conferred with Defendants Akkad and Vaughan's counsel on March 24, 2025, regarding the merits of this Motion. Defendants Akkad and Vaughan's counsel oppose the relief sought in this Motion.

*/s/*
Ephraim Wernick

## CERTIFICATE OF SERVICE

This pleading was filed and distributed to all counsel of record through the Court's ECF system.

*/s/*
Ephraim Wernick