# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4:22-CR-162 |
| § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) § | |
| HADI AKKAD (2) § | |
| GINA ELLINGSEN (6) § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion in Limine #10 on Prohibited Hearsay Testimony (Dkt. #312 at p. 7) and Defendants' Objection to Constructive Amendment of Indictment (Dkt. #340). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that the Motions should be **DENIED**.

### BACKGROUND

The Court has dealt with the relevant factual and procedural background of this case in its Order on Defendant Akkad's Motion for Continuance and incorporates that discussion here (Dkt. #302). Pertinent here, the Superseding Indictment charges Defendants with conspiracy to commit wire fraud by concealing hidden markup fees in their transactions with merchant vendors (Dkt. #274 at ¶¶ 10–24). On March 24, 2025, the Government filed a Motion in Limine, requesting the Court prohibit Defendants from attempting to elicit hearsay testimony for witnesses (Dkt. #312 at p. 7). On March 26, 2025, Defendants filed their Response to the Government's Motion in Limine, arguing that evidence ETS and Defendants disclosed the .3% markup fee to their merchant vendors is not hearsay because it is only offered to show that notice of the fee was given (Dkt. #318 at pp. 6–9). The Court took the matter under advisement at the Pretrial Conference held on March 28,

2025 (Dkt. #325; Dkt. #327). On March 29, 2025, Defendants filed a Supplemental Brief, containing examples of the notices and disclosures they contend are not hearsay (Dkt. #333). The Government filed its Reply on March 29, 2025 (Dkt. #336). On March 30, 2025, Defendants filed a Reply to the Government's Reply and an Objection to Constructive Amendment of Indictment (Dkt. #340). The Government filed a Response to Defendants Objection on March 30, 2025 (Dkt. #341).

## LEGAL STANDARD

Hearsay is an out of court statement made by the declarant for the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is inadmissible, unless it fits within a specific exclusion or exception. Fed. R. Evid. 801; 803. Whether an out-of-court statement is hearsay depends on whether it is offered for the truth or merely for the fact that it was made. *U.S. v. Webster*, 649 F.2d 346, 349 (5th Cir. 1981). If the statement is made where the alleged fact is only so if the substance of the statement is the truth, the statement constitutes hearsay. *See Anderson v. U.S.*, 417 U.S. 211, 219 (1974). However, if the statement is made where the alleged fact may be so regardless of whether the statement is true or false, the statement is not hearsay. *See id.*

If the significance of a statement lies solely in the fact that it was made, rather than in the veracity of the out-of-court declarant's assertion, the statement is not hearsay because it is not offered to prove the truth of the matter asserted. *See U.S. v. Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989); Fed. R. Evid. 801(c) advisory committee's note to 1972 proposed rules. The veracity of a claim that certain statements were made is subject to evaluation like any other testimony presented at trial. *Cantu*, 876 F.2d at 1137. That evaluation is for the jury. *Id* (citing *Dutton v. Evans*, 400 U.S. 74, 88 (1970) ("[t]he hearsay rule does not prevent a witness from testifying as to what he has

2

heard; it is rather a restriction on the proof of fact through extrajudicial statements.")). Thus, evidence introduced to prove merely that notice was given is not offered to prove the truth of the matter asserted therein and, therefore, is not hearsay. *U.S. v. Central Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir. 1984).

## ANALYSIS

The Government's Motion in Limine argues that all hearsay should be prohibited under Federal Rule of Evidence 801 (Dkt. #312 at p. 7). The Government specifically states that "defense counsel is generally barred from eliciting from a victim merchant what a defendant said to them." (Dkt. #312 at p. 7). However, the Government notes that the Government is permitted to elicit that same testimony from the witness under the party opponent exception to hearsay (Dkt. #312 at p. 7). FED. R. EVID. 801(d)(2)(A).

Defendants respond by pointing to a specific set of non-hearsay statements that merchant vendors should be permitted to discuss—the notices that were given by ETS and Defendants regarding the .3% markup (Dkt. #318 at p. 6). Defendants argue that the notice statements are not hearsay for three reasons (Dkt. #318 at p. 6–9). First, they argue that the fact that the statements were made is a "verbal act," meaning that these statements are not being offered for the truth value of the content of the statement, rather they are offered for the truth that the statement was made (regardless of whether the content was true or not) (Dkt. #318 at p. 7). Second, Defendants argue that any disclosures made in emails are business records that fall into Rule 803(6)'s exception to hearsay (Dkt. #318 at p. 7) (citing FED. R. EVID. 803(6)). Third, they argue that the disclosures also fall under the state of mind exception (Dkt. #318 at p. 8). The Court agrees with Defendants that the disclosures are not hearsay if they are offered to show that the statements were made.

The Supreme Court has held that statements made purely to show that the statements were made is not hearsay. *Anderson v. U.S.*, 417 U.S. 211, 219–21 (1974). Likewise, the Fifth Circuit held that evidence a statement was made is not hearsay because they were not offered for the truth of the matter asserted. *See, e.g.*, *Cantu*, 876 F.2d at 1137 ("The statements were not offered as an assertion of a fact but, rather, as the fact of an assertion. As such the statements were not hearsay."); *U.S. v. Ballis*, 28 F.3d 1399, 1405 (5th Cir.) (holding that testimony of statements made at a meeting were not offered for the truth when they were only offered to show the statements were made); *Allaudin v. Perry's Restaurants, Ltd.*, 805 F. App'x 297, 301 (5th Cir. 2020) (holding that evidence a complaint was made was not hearsay when offered to show that the complaint had been made not that the content was true); *Central Gulf Lines*, 747 F.2d at 319 (holding that a letter of protest was not hearsay because it was admitted to prove only that notice of a claim had been properly given).

Here, disclosures and notices of the .3% markup fee are not hearsay when offered to show that ETS or Defendants gave notice to merchant vendors. When offered only to show that the statements were made, the focus of the evidence is not to assert that the disclosed fee is actually the fee charged, rather it is a fact that a notice or disclosure was given. *Anderson*, 417 U.S. at 219–20; *Cantu*, 876 F.2d at 1137. Thus, the truth value of the content of the statement is irrelevant to the fact that the statement was made. *See Anderson*, 417 U.S. at 219–20; *Cantu*, 876 F.2d at 1137. Further, the evidence regarding whether or not notices of the fees were given is directly relevant to the defense against the charges against Defendants for hiding fees and illicitly stealing from their customers (Dkt. #274; Dkt. 318 at p. 7–8).

The Government argues in its Supplemental Briefing that Defendants are actually offering the statements to prove that the fee itself was .3% (Dkt. #336 at pp. 1–2). As part of its argument, the Government states that the disclosures are false and misleading (Dkt. #336 at pp. 3–4). However, that is the point the Court is trying to highlight—that the truth value of what the notices say is irrelevant to the fact they were made. Thus, the Government is required to show why those disclosures were false or misleading as part of its case against Defendants. Yet, the false and misleading nature of the content of the notices does not negate the fact that they were made and Defendants can point to the very fact that they gave notice (regardless of if the notice was true or false and misleading). Accordingly, because the disclosures and notices are not being offered for the truth of the matter asserted but rather for the fact that the disclosures were made, the Court finds that the disclosures are not hearsay. The Government's Motion in Limine as to the notices and disclosures is denied.

In their Sur-Reply, Defendants allege that the Government is attempting to shift its trial theory to include other hidden fees in addition to the .3% markup fee (Dkt. #340). Defendants cite to a comment in the Government's Reply Brief regarding this issue commenting on one of the exhibits Defendants provided in its initial supplemental briefing (Dkt. #333; Dkt. #336). Defendants request that the Court bar the Government from presenting evidence or arguing for conviction on the basis of any allegedly hidden fee other than the .3% offline debit fee (Dkt. #340 at p. 10). The Government responds by arguing that the Superseding Indictment focused on the fact that Defendants overcharged the merchant vendors by using hidden fees (Dkt. #341 at pp. 2–3). The Court agrees with the Government and denies Defendants request. First, the Court is not convinced based on one comment that the Government has constructively amended the

Superseding Indictment. Second, even though the Superseding Indictment specifically references to the .3% fee, it also broadly addresses hidden fees and overcharging (Dkt. #274). Accordingly, the Court does not believe the Government has indicated that it will constructively amend the indictment and denies that part of Defendants Sur-Reply.

## CONCLUSION

It is therefore **ORDERED** that United States' Motion in Limine #10 on Prohibited Hearsay Testimony (Dkt. #312 at p. 7) and Defendants' Objection to Constructive Amendment of Indictment (Dkt. #340) are hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 31st day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE