IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22CR162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR NOTICE OF WITNESSES

Edward Walsh Vaughan and Hadi Akkad request notice at least seven business days before trial (or by May 1 at noon) of any new witnesses the United States will call at the retrial. Dkt. 418. This is not required by the Federal Rules of Criminal Procedure and the defendants have not cited any authority. Their motion should be denied.

Vaughan and Akkad were tried by a jury on counts one and two of the First Superseding Indictment March 31 through April 16, 2025. Dkt. 345, 404. The jury was unable to reach a verdict on counts one and two as to Vaughn and on count one as to Akkad. Dkt. 404. This Court received a not guilty verdict on count two as to Akkad and declared a mistrial on all other counts. *Id.* This Court scheduled the pretrial conference and retrial for May 12, 2025. Dkt. 412. This Court entered Scheduling and Pretrial Orders related to discovery in this case. Dkt. 72, 98, 148.

### The Law

Discovery in a criminal case is governed by Rule 16 of the Federal Rules of Criminal Procedure. Fed. R. Crim. Pro. 16. Rule 16 contains no requirement that the government provide the defense with a witness list before trial. *Id.* An amendment to Rule 16 was

proposed which would have expanded discovery to include a list of the names of all prosecution witnesses who would be called in the prosecution's case-in-chief. *See* Fed. R. Crim. P. 16 advisory committee's note to 1974 Amendment; Notes of Comm. on the Judiciary, H.R. No. 94-247 (1975 Amendment). The witness disclosure provision did not pass. In all the years since, there is no new legislation or consideration of requiring that witness names be provided before trial. In not passing the witness list requirement provision, the Conference Committee noted:

> [A] majority of the conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names…of witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

Conf. Comm. Notes, H. R. Rep. No. 94-414 (1915) Amendment.

The defendants cite no authority for their request. Indeed, in this case, consistent with the concerns outlined by the Conference Committee, counsel for defendant Akkad attempted to interview a witness whom he knew was represented by counsel without counsel's presence or permission. The United States provided the defendants with a fulsome witness list during the first trial and with robust and complete discovery throughout this case. The defendants have the benefit of knowing everything involved in the investigation and exactly what the United States witnesses who testified at the first trial will say. The defendants have even ordered portions of the record. *E.g.* Dkt. 354, 357. Certainly, they will be well prepared even if the United States were to add additional,

somewhat redundant, merchant client witnesses. There is no ambush here and no need for an additional order.

## Conclusion

The United States urges this Court to deny the defendants' request.

Respectfully submitted,

ABE McGLOTHIN
ACTING UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email: anand.varadarajan@usdoj.gov

G.R. JACKSON
Assistant United States Attorney
Texas Bar No. 00784874
glenn.roque-jackson@usdoj.gov

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served on defense counsel by electronic filing (CM/ECF) on this May 2, 2025.

*/s/ Anand Varadarajan*
ANAND VARADARAJAN