IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22CR162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |

### UNITED STATES' UNOPPOSED MOTION TO STRIKE SURPLUSAGE

The United States respectfully requests, without objection from the defense, that the Court strike surplusage from the indictment. The Court should grant the Motion because the proposed language to be stricken does not alter or amend the substance of the indictment, does not broaden the charges, and helps avoid confusion.

Ordinarily, to clean up language in an indictment, the United States would present a superseding indictment to a Grand Jury. However, given the quick turnaround between the first trial and retrial, and given that the scheduled grand jury for the first week of May was postponed due to a Fifth Circuit conference, that opportunity was not available here. As such, the United States proposes the Court adopt the attached redacted indictment. Ex. A.[1] The proposed redactions suggest two revisions: (1) remove references to Gina Ellingsen, who has been acquitted and is no longer part of this case; and (2) remove Count Two, which the United States hereby moves to dismiss with respect to defendant Vaughan.

---

[1] The Court is not required to send the indictment back to the jury, as it is simply a charging document. While the government typically requests that it be done, it would be appropriate, given the unique posture of this case (defendant redacted, counts dismissed, etc.), to not send it back, especially when the jury only needs to consider one charge and two defendants.

The Court should grant the motion for two primary reasons. First, the proposed redactions do not alter or amend the substance of the indictment, and, without the language, the indictment still charges an offense (conspiracy to commit wire fraud) which was originally contemplated by the indictment as returned. *See United States v. Ramirez*, 670 F.2d 27, 29 (5th Cir. 1982) (permitting the United States to strike surplusage). Moreover, the references to Ellingsen or any overt acts are superfluous by definition because they are not central to anything the government has to prove with respect to a wire fraud conspiracy involving Vaughan and Akkad. "[T]he government is not required to precisely prove every overt act as alleged." *United States v. Enstam*, 622 F.2d 857, 867 (5th Cir. 1980). In fact, it is well-settled in the Fifth Circuit, that the government is not limited to overt acts plead in the indictment in proving a conspiracy. *United States v. Elliott*, 571 F.2d 880, 911 (5th Cir. 1978) ("We have long followed the rule that the government is not limited to overt acts pleaded in the indictment in proving a conspiracy; it may show other acts of the conspirators occurring during the life of the conspiracy."). The government's current proposal captures the essential charging language, the nature of the alleged crime, and adequately puts the defendant on notice regarding the allegations. It in no way broadens or expands the charges against the defendants.

Second, adopting these revisions would eliminate references to the first trial and related legal issues, which are not before this jury. Consistent with the Court's prior rulings in other retrials, the government has filed a motion in limine to avoid references to the first trial, including Ellingsen's Rule 29 acquittal or Count Two, and these redactions align with

that motion. Dkt. No. 429. Indeed, the Fifth Circuit has blessed this practice of scrubbing the indictment where it makes factual and practical sense. *United States v. Griffin*, 800 F.3d 198 (5th Cir. 2015). There, the district court removed multiple references to a victim bank from the indictment presented to the jury, because the facts could not support that the bank was federally insured. *Id.* at 201-02. In upholding the district court's decision, the Fifth Circuit noted that the charges were not "broadened," only "narrowed," and that "eliminating surplusage from the indictment…is not a constructive amendment." *Id.* at 202-03 (citing multiple Fifth Circuit cases related to constructive amendments, variances, and striking surplusage).

Normally, these issues would be easily corrected by the government by presenting a superseding indictment. Because that opportunity was not available here due to the compressed schedule and the postponement of the Grand Jury, the government proposes these redactions, which are common sense, unopposed, and legally supported.

.

<div style="margin-left: 50%;">

Respectfully submitted,

ABE McGLOTHIN
ACTING UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email:  anand.varadarajan@usdoj.gov

G.R. JACKSON
Assistant United States Attorney
Texas Bar No. 00784874
glenn.roque-jackson@usdoj.gov

</div>

<div style="text-align: right;">
101 East Park Boulevard, Suite 500<br>
Plano, Texas 75074<br>
972-509-1201<br>
Fax: 972-509-1209
</div>

## CERTIFICATE OF CONFERENCE

Counsel for the defense does not object to this motion.

*/s/ Anand Varadarajan*
ANAND VARADARAJAN

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served on defense counsel by electronic filing (CM/ECF) on this May 9, 2025.

*/s/ Anand Varadarajan*
ANAND VARADARAJAN