IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>EDWARD WALSH VAUGHAN (1)<br>HADI AKKAD (2) | Case No. 4:22-cr-00162-ALM-BD |

## DEFENDANTS' MOTION FOR LEAVE TO MAKE CERTAIN ARGUMENTS CONCERNING THE INDICTMENT IN CLOSING

Defendants Vaughan and Akkad move for leave to make certain arguments concerning the first superseding indictment (as redacted) in their closings.

### BACKGROUND

The Court instructed the jury in the first trial--and presumably will do so again--that "[t]he Defendants are not on trial for any act, conduct, or offense not alleged in the First Superseding Indictment."  Doc. 405 at 10; *see* Fifth Circuit Pattern Jury Instructions (Criminal Cases), Instruction 1.21 (2024 ed.) (same).  This instruction calls on the jury to determine what "act[s], conduct, or offense[s]" the indictment alleges.

Early in the first trial, the government asked the Court to bar the defense from "insinuat[ing] to the jury that [the government is] presenting a theory or presenting a case that is inconsistent with the Indictment."  T. 4/2/25 at 214 (excerpt attached as Exhibit A).

The Court responded to the government's request as follows:

> THE COURT: Ms. Brooks, I mean, first of all, the Court has not entertained their argument on this. I disagree with their argument. I think the Indictment is broad enough.
>
> The Indictment is the Indictment. So their argument is the Indictment restricts to this certain fee. Your argument is the Indictment is broader than that. I think you're right, but there is nothing wrong with them making that argument. I mean--
>
> MS. BROOKS: Then we will continue to object as--just as needed based on the way it is framed because I think it's a direct attempt to mislead the jury--
>
> THE COURT: Well--
>
> MS. BROOKS: --as to what the legal requirements are in pleading and proving this case.
>
> THE COURT: I understand, and there may be valid objections based on what they decide to--how they do it. But in terms of a factual dispute and then asserting that the Indictment doesn't--isn't as broad as you are asserting, that's their argument. The jury is going to have the Indictment. They are going to be able to read it themselves and determine is it limited to that or not. That's not a legal decision for the Court to make; that's a jury decision.

T. 4/2/25 at 214-15.

During the defense closings (for which we do not have a transcript), the Court sustained one or more government objections concerning defense arguments about the scope of the indictment. This motion seeks to clarify the ground rules in advance of closing arguments in this trial.

## THE PROPOSED DEFENSE ARGUMENTS

In keeping with the Fifth Amendment grand jury clause, the jury's role, the Court's jury instruction, and the Court's colloquy with the qovernment quoted above, the defense

2

assumes that either party may (1) call the jury's attention to the jury instruction quoted above and also (2) call the jury's attention to particular paragraphs in the indictment. In addition, the defense moves for leave to do the following in its closing arguments:

1. Argue that particular portions of the indictment do or do not allege the "double charge" or ".15/.2% card brand fee" theory on which the government's case now focuses; and

2. Argue that, under the Court's jury instruction, the jury should reject or accept the "double charge" or ".15/.2% card brand fee" theory based (among other reasons) on what the indictment alleges.

The government, of course, is free in its opening and rebuttal arguments to point out to the jury the portions of the indictment that it contends allege the "double charge" or ".15/.2% card brand fee" theory. But the defense should be allowed to argue the opposite. As the Court observed, the ultimate determination one way or the other is "a jury decision." T. 4/2/25 at 215.

Dated: May 19, 2025.

Respectfully submitted,

*/s/ Joseph Brown*
JOSEPH D. BROWN
Texas Bar No. 00793413
Joe Brown, Attorney
100 N. Travis, Suite 205
Sherman, TX 75090
Phone: (903) 487-4700
Fax: (903) 421-9440
Email: joe@joebrown.law

3


*/s/ John D. Cline*
John D. Cline
Law Office of John D Cline
600 Stewart Street
Suite 400
Seattle, WA 98101
Phone: (360) 320-6435
Email: cline@johndclinelaw.com

*/s/ Samuel M. Ford*
Samuel M. Ford
Williams & Connolly LLP
680 Maine Ave. S.W.
Washington, DC 20024
Phone: (202) 434-5000
Email: sford@wc.com
**COUNSEL FOR EDWARD WALSH VAUGHAN**

*/s/ David Gerger*
David Gerger
dgerger@ghmfirm.com
TX Bar No. 07816360
Heather Peterson
hpeterson@ghmfirm.com
TX Bar No. 24007834
GERGER, HENNESSY
MARTIN & PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

*/s/ Jeff Kearney*
Jeff Kearney
jkearney@kearneylawfirm.com
TX Bar No. 11139500
*/s/ Catherine Stanley*
Catherine Stanley
cstanley@kearneylawfirm.com

>TX Bar No. 24110542
>KEARNEY LAW FIRM
>One Museum Place
>3100 West 7th Street, Suite 420
>Fort Worth, Texas 76107
>(8l7) 336-5600
>(817) 336-5610 (fax)
>**COUNSEL FOR HADI AKKAD**

## CERTIFICATE OF SERVICE

I hereby certify this Motion was electronically filed on May 19, 2025, and all counsel was electronically served via this Court's Electronic Filing System on the day of filing.

>*/s/ John D. Cline*
>John D. Cline