# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDWARD WALSH VAUGHAN,<br>Defendant. | Case No. 4:22-cr-00162-ALM |

### EDWARD VAUGHAN'S MOTION TO MODIFY
### CONDITIONS OF RELEASE

Defendant Edward Vaughan, through undersigned counsel, respectfully moves for a modification of his conditions of release to remove the following requirement:

> 10. Submission to location monitoring program, including location monitoring bracelet, with other restrictions at the discretion of Pretrial Services."

Mr. Vaughan has been on pre-trial release for almost three years. Although a resident of Virginia, Mr. Vaughan has appeared in the Eastern District of Texas for two separate trials of his case. In April of 2025, this court tried Mr. Vaughan's case to a jury in a trial lasting more than two weeks. The case resulted in a hung jury and a mistrial. Thereafter, one of the charges against him – Conspiracy to Commit Money Laundering – was dismissed upon motion of the government. Again in May of 2025 the case was tried to a jury with the same result – a mistrial based on the jury being unable to come to a unanimous verdict. Throughout this case, Mr. Vaughan has appeared as required and demonstrated his willingness to participate in, and his compliance with, the legal process. Counsel has confirmed with the Pre-trial Services division of the EDTX Probation office that Mr. Vaughan has remained in compliance with his release requirements

A third trial of the case has not been scheduled, but based on the parties' conversations

1

with the court and staff, a third trial date will not occur for several months. Based on Mr. Vaughan's history of compliance, the adequacy of other conditions placed on Mr. Vaughan's release to ensure his appearance, and the unique circumstances of the case, Mr. Vaughan requests the removal of the monitoring condition.

## I.   ARGUMENT

A person released pending trial should be released "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *United States v. Stuart*, 784 F. App'x 186, at *188 (5th Cir. Aug. 6, 2019). The statute "mandates" such release "under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985). In imposing these conditions, 18 U.S.C. § 3142(g) requires the court to take into account the available information concerning "(1) the nature and circumstances of the offense charged"[1]; "(2) the weight of the evidence against the person[2]; (3) the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources,

---

[1] This factor cannot support continued location monitoring via an ankle bracelet, as there is nothing about the crime that have been charged that suggest location monitoring generally is required to ensure Mr. Vaughan's appearance. The crime charged is not a crime of violence and does not involve a firearm.

[2] Mr. Vaughan vigorously disputes the charges against him. One charge has been dismissed, and the result of two trials thus far – juries that were unable to reach a verdict – confirm that this factor weighs in favor of the relief requested. *See, e.g.*, *Ex Parte* Statement; Dkt. No. 159 (Notice of *Ex Parte* Statement). Nonetheless, this factor is considered "to be of least importance." *United States v. Karimov*, 2022 WL 1667037, at *3 (E.D. Tex. May, 24 2022); (citing *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009), *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986), and *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D. La. 1997)).

length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. Green*, 793 F. App'x 223, at *225 (5th Cir. Oct. 22, 2019).

After ordering release "a judicial officer may at any time amend the order to impose additional or different conditions of release." *Id.* at § 3142(c)(3); *see also United States v. Goldstein*, 2016 WL 11717712, at *3 (N.D. Ga. Mar. 18, 2016) (modifying conditions of release of a defendant charged with financial fraud to include "some form of electronic monitoring as originally ordered" but not "limited to the GPS location monitoring currently ordered").

### A. Mr. Vaughan is not a flight risk.

There is no meaningful risk that Mr. Vaughan will fail to appear at trial. Mr. Vaughan is sixty-one years old, a lifelong U.S. citizen and Army veteran, and has never been convicted of a crime. He is a U.S. citizen with no significant foreign ties, and he is a devoted father to his three children, all of whom live in the United States. There is no sound basis on which to conclude that Mr. Vaughan, after appearing for two trials which resulted in outcomes which give him reason to continue to contest the charge against him, will suddenly cast aside a life-long commitment to his country and his family to flee from charges which he maintains he is innocent of.[3] More importantly, there is no sound basis on which to conclude that the ***only*** thing keeping him from doing so is ankle-bracelet location monitoring.

In fact, when Mr. Vaughan learned of the federal investigation relating to the legacy ETS business in January 2019, Mr. Vaughan neither fled the jurisdiction nor interfered with the

---

[3] Magistrate Judge Eick, at Mr. Vaughan's initial detention hearing, agreed: "His family ties are in this country," "all of the Defendant's business ties are in this country," and "both categories of ties are deeply rooted." *See* Dkt. No. 28-1 at 51.

3

investigation; instead, he personally called the FBI agents and offered to meet with them to discuss the matter. In the more than six years since then, Mr. Vaughan has divided his time between his original home in Virginia and a newer one California, where he spends part of the year in order to be close to his college aged son from his first marriage. He has lived with his wife for more than a decade, and they share two young children who both live at home with Mr. Vaughan and his wife. He now resides exclusively in Virginia. Pursuant to a *lis pendens* filed by the government, his property in both states is now at stake in this proceeding. Practically all of his other assets of value have been seized by the government, giving him additional incentive to continue to appear and contest the charges against him in order to secure return of these assets.

Although Mr. Vaughan has occasionally traveled internationally, he has no close ties to any foreign country, and his closest family members live in California and Virginia. The government has seized Mr. Vaughan's passport and his private planes, the very means by which he could flee the jurisdiction. He is not a flight risk.

> **B.   The remaining conditions of release are more than adequate to ensure Mr. Vaughan's appearance at a third trial.**

Given Mr. Vaughan has diligently complied with the conditions of release for the more than thirty-three months they have been imposed, has appeared at two prior trials, and that he has almost no incentive to flee, the other conditions of release imposed upon Mr. Vaughan are more than adequate to "reasonably assure" his appearance at trial.

These conditions include, among other restrictions, (1) a $10,000,000 bond with a fully justified affidavit of surety signed by Mr. Vaughan's wife, Lisa Vaughan, and full deeding of the property located at 28820 Grayfox Street, Malibu, CA 90265; (2) surrender of all passports and travel documents, and a restriction on applying for a passport or travel document during the pendency of the case; (3) Mr. Vaughan's travel is restricted to the Northern and Central District of

California, Eastern District of Texas, Eastern and Western Districts of Virginia, District of Mayland, Eastern District of Pennsylvania, and District of Columbia, (4) a restriction on all contact, directly or indirectly (including by any electronic means), with any person who is known victim or witness in the subject investigation or prosecution, including all former employees of ETS, except for his wife, Lisa Vaughan, and in the presence of counsel.

Notably, although Mr. Vaughan was one of six defendants charged in this case, Mr. Vaughan was the only defendant required to submit to location monitoring. In light of the history of this case and the Court's personal observation of the evidence in two trials, the Court has a better factual understanding of the evidence and how the evidence plays into the factors required to be considered by 18 U.S.C. § 3142(g). Mr. Vaughan will continue to adhere to all other release conditions. He will not travel, other than to the areas allowed by his conditions of release. He will avoid all contact, directly or indirectly, with any person he is restricted from contacting by his conditions of release. He will not possess any firearms, ammunition, destructive devices, or other dangerous weapons. He will not use or possess any identification other than in his own legal name or true name. Should Pretrial Services recommend additional, reasonable conditions it believes are necessary to ensure Mr. Vaughan's compliance with his conditions of release, Mr. Vaughan is willing to abide by those conditions as well.

## II.      CONCLUSION

Under these conditions, and upon consideration of Mr. Vaughan's ties to the community and post-indictment efforts to demonstrate his commitment and responsiveness to this legal process, and of his post-indictment adherence to all conditions of release, Mr. Vaughan respectfully requests the Court grant this limited modification to his conditions of release.

Dated: June 12, 2025

Respectfully submitted,

*/s/ Joseph Brown*
JOSEPH D. BROWN
Attorney for Defendant Edward W. Vaughan
Texas Bar No. 00793413
Joe Brown, Attorney
100 N. Travis, Suite 205
Sherman, TX 75090
Phone: (903) 487-4700
Fax: (903) 421-9440
Email: joe@joebrown.law

*/s/ John D. Cline*
John D. Cline
Law Office of John D Cline
600 Stewart Street
Suite 400
Seattle, WA 98101
Phone: (360) 320-6435
Email: cline@johndclinelaw.com

*/s/ Samuel M. Ford*
Samuel M. Ford
Williams & Connolly LLP
680 Maine Ave. S.W.
Washington, DC 20024
Phone: (202) 434-5000
Email: sford@wc.com

**COUNSEL FOR EDWARD WALSH VAUGHAN**

6

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on this 12th day of June 2025, to all counsel of record via this Court's Electronic Document Filing System.

*/s/ Joseph Brown*
Joseph D. Brown
Attorney for Defendant

**Certificate of Conference**

Counsel for the Defendant has conferred with AUSA Anand Varadarajan on the relief requested in this Motion. The Government opposes the relief requested.

*/s/ Joseph Brown*
JOSEPH D. BROWN