# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case Number 4:22CR162 |
| | § | |
| EDWARD VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |

### ORDER GRANTING MOTION FOR CONTINUANCE AND SPECIALLY SETTING CASE FOR TRIAL

The Motion for Continuance filed by Defendants (Dkt. #496) is **GRANTED**. The Court, having considered the factors set forth in 18 U.S.C. § 3161, finds as follows:

1. Defendants' request is made knowingly, intelligently, and voluntarily.

2. The United States has no objection to a continuance.

3. The ends of justice served by granting the Government's request outweighs the best interest of the public and the Defendants' in a speedy trial.

4. The continuance is required to assure the necessary time for counsel to prepare effectively for trial, taking into account the exercise of due diligence.

5. The period of delay due to the motion for continuance is the period from the date of the motion through the date of the new trial setting, and this is excludable time under the Speedy Trial Act.

The Court specially sets this matter for the jury trial of this case before the undersigned on ***Monday, January 5. 2026 at 10:00 a.m.*** at the Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090.

| EVENT | DEADLINES |
|---|---|
| Final Pretrial Conference | **9:00 a.m. on Monday, January 5, 2026** at the Paul Brown United States Courthouse, 101 East Pecan Street, *First Floor Courtroom*, Sherman, Texas 75090 |

| | |
|---|---|
| Jury Selection/Trial | **Monday, January 5. 2026** at 10:00 a.m. with trial to begin immediately after jury is seated. |
| December 15, 2025 by 12:00 pm | Notification of a plea agreement or motion to continue shall be filed. After this deadline, Defendant may not receive a points reduction for acceptance of responsibility. |
| December 22, 2025 | If the parties do not notify the Court of a plea agreement as provided above, defense counsel shall deliver to counsel for the Government any additional jury instructions desired by Defendant(s). If two or more Defendants are represented by separate counsel, their submission must be made jointly |
| December 22, 2025 | Counsel for Defendant(s) and counsel for the Government shall confer to determine which jury instructions can be agreed upon. |
| December 22, 2025 | Parties shall file any motions in limine and any other pretrial motions. |
| December 31, 2025 | Counsel for the Government and counsel for the Defendant(s) shall:<br>A. Jointly file agreed upon instructions;<br>B. Each file any proposed instructions that were not agreed upon, citing the authority for each instruction. (Any party seeking to file proposed jury instructions after the deadline may do so only with leave of Court.);<br>C. Each file any objections to the other's proposed jury instructions. Objections must be written, specific, cite authority, and include any alternate instructions counsel deem more appropriate;<br>D. Each provide the court a list of witnesses and a list of exhibits anticipated to be introduced during trial. All exhibits to be used for trial shall be pre-marked numerically and in succession.  Each exhibit shall be properly labeled with the following information: identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in three-ring binders. Alternatively, if exhibits are voluminous, the originals may be placed in properly marked letter size manilla folders and contained in a box with handles.  (Groups of exhibits pertaining to the same subject matter, such as photos of same scene, may, at counsel's discretion be numbered and lettered, i.e., 2a, 2b, 2c, etc.). |

On the first day of trial, each party is required to have on hand the following:

(1) **Three hard copies of their exhibit list and witness list.** These lists shall reflect all pretrial evidentiary rulings and shall be tendered to the Courtroom Deputy at the beginning of trial.

(2) At the conclusion of the evidentiary phase of trial, each party is to gather only those exhibits admitted during trial and tender those to the Courtroom Deputy. The Courtroom Deputy shall verify the exhibits and tender to the jury for its deliberations those exhibits requested by the jury.

(3) At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

(4) Following the jury verdict, the Courtroom Deputy will file and docket the Admitted Exhibit List. The Court will enter an Order for Admitted Trial Exhibits outlining deadlines for uploading admitted trial exhibits and any objections thereto.

**IT IS SO ORDERED**.

**SIGNED this 13th day of June, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE